ROSWELL D. HATCH, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK et al., Respondents.

Where an award has been made for damages to premises in the city of New York by reason of a change of grade of a street, and the right of the party named in the award is disputed it is the duty of the city to pay the amount of the award to the city chamberlain to be disposed of as the Superior Court shall direct. (§ 3, chap. 697, Laws of 1867; §§ 3, 4, chap. 52, Laws of 1852.)

The city, after knowledge that there is a dispute as to the title to the award, cannot pay to the person named therein, or by his direction or assent, and use a payment thus made as a defense against the true owner of the award.

Where, therefore, an award was made to B. to which plaintiff was entitled, and the city, after knowledge that the title of B. was disputed, paid part to the city chamberlain and the residue, with the assent of B., in satisfaction of certain local assessments upon the premises, *held*, that for the portion paid to the city chamberlain defendant was not liable, but that an action was maintainable to recover the residue; and that the payments so made with the assent of B. did not constitute a defense.

The assessments so paid were imposed upon the premises for local improvements. It did not appear against whom they were assessed, or

that the premises were not of sufficient value for the assessments to be realized therefrom, or that the person, if any, against whom they were assessed was not liable and able to pay. *Held*, that the city was not entitled to a stoppage of the money applied by it to the payment of the assessments.

*Hatch* v. *The Mayor, etc.* (13 J. & S. 599), reversed.

(Argued October 6, 1880; decided November 9, 1880.)

APPEAL from judgment of the Superior Court of the city of New York, affirming a judgment in favor of defendant, entered upon a decision of the court on trial without a jury. (Reported below, 13 J. & S. 599.)

The nature of the action and the facts appear sufficiently in the opinion.

*James A. Deering* for appellant. The assessments deducted from the award are not an offset or counter-claim against the plaintiff Hatch. (*Pearse* v. *Barton*, 3 Metc. 520; *Shaw* v. *Peckett*, 26 Vt. 482; *Lane Co.* v. *Oregon*, 7 Wall. 71; *Matter of Deering*, 55 How. Pr.; *Sharp* v. *Spier*, 4 Hill, 76; *Doughty* v. *Hope*, 3 Denio, 594; *Striker* v. *Kelly*, 2 id. 323; *Watt* v. *The Mayor*, 1 Sandf. 23; *Thompson* v. *Gardner*, 10 Johns. 404; *Colgate* v. *The Mayor*, 12 N. Y.) The plaintiff can maintain this action. (*Cahill* v. *Palmer*, 47 N. Y. 478; *Coutant* v. *Catlin*, 2 Sandf. Ch. 485; *Matter of Comrs. of Central Park*, 16 Abb. Pr. 56; *Matter of Comrs. of Central Park*, 10 Abb. U. S. Pr. 342; *Matter of Eleventh Avenue Opening*, 49 How. Pr. 208; *Matter of John & Cherry Sts.*, 19 Wend. 659; *Matter of William & Anthony*, id. 679; *Bank of Auburn* v. *Roberts*, 44 N. Y. 201; *Fisher* v. *The Mayor*, 57 id. 344.) The city cannot defeat the plaintiff's right by payment of the award upon the assessment. (*Watt* v. *The Mayor*, 1 Sandf. 23.) The action in this form is maintainable against the city for the sum not paid into the hands of the chamberlain, under section 4 of the act of 1852. (*Fisher* v. *The Mayor*, 57 N.Y. 344.) The action is maintainable upon equitable grounds. (*Brown* v. *Brown*, 1 Barb. Ch. 189; *American Ins. Co.* v. *Fish*, 1 Paige, 90; *McLaren* v. *Pennington*, id. 102; *Living-*

*ston* v. *Livingston*, 4 Johns. Ch. 287; *Supervisors of Albany* v. *Durant*, 9 Paige, 182; Story's Eq. Jur., § 33.)

*J. A. Beall* for respondents. The action of the board of assessors in making the award to J. J. Bowes was *quasi*-judicial, and he (Bowes) was the only person entitled to bring an action against the city for the award. (*Peyser* v. *The Mayor*, 70 N. Y. 501, 502; 11 J. & S. 426.) The fact that a portion of the award was applied by the comptroller to the payment of assess-ments against the land, for damages to which they were made liable, does not give a right of action against the city for the moneys applied. (11 J. & S. 433–4.)

FOLGER, Ch. J. This is an action to recover the amount of an award. The award was made for the damages done to premises by a change of the grade of the street on which they fronted. The street was in New York city, and the change was made by the authorities of that municipality. It is not denied but that the award was lawfully made. It was not made to the plaintiff in this action but to one Bowes. It is a finding of fact, however, and not excepted to, that the plaintiff was the person really entitled to it. The finding is based upon grounds not appearing in the award.

The city, however, paid a part of it to the city chamberlain, and other parts in satisfaction of certain assessments upon the premises. It claims that it is therefore not liable to an action for the same. The claim it makes rests upon the statutory provisions concerning this subject-matter. (Laws of 1867, chap. 697, pp. 1748–49–50, § 3; Laws of 1852, chap. 52, pp. 46, 47, §§ 3, 4.) The right of the plaintiff grows from these statutes, and from them alone. If the city has obeyed the statute law that gives him his right, it is not liable to him. By that law the city is given a space of four months before it must make payment of an award; that space begins at the ratifica-tion of the assessment of the expense of the change of grade. (Id.) It is thereafter bound to pay the award to the party entitled thereto. If the right of the party named in the

award to receive it be disputed, it is lawful for the city to pay the sum named in it to the city chamberlain, to be secured, disposed of and improved, as the Superior Court shall direct. The city did, before the commencement of this action, and after the title of Bowes to receive was disputed, pay a part to the chamberlain. That officer has it yet. For so much the city is not liable to the plaintiff in this action.

Other part the city paid, by different payments, to the collector of assessments, and to the clerk of arrears. The sums were used to satisfy certain local assessments made upon the premises. The payments were made before the commencement of this action, but after the right of Bowes to receive was in dispute, and after the city knew that it was in dispute. The assessments, we must assume, were lawful, and were, when paid, valid and subsisting liens upon the premises. We will not, however, assume that the plaintiff or his assignor were at law personally liable for them. We will not now hold that the assessments could have been used by the city as a set-off, recoupment or counter-claim to a lawful demand of the plaintiff against the city. We assume that the assessments were lawful, for the reason that the appeal book shows nothing to the contrary, and their validity does not seem to be contested. We refrain from assuming the personal liability of the plaintiff or his assignor, and from holding that the assessments can be set off, for the reason that the data concerning them are not fully given in the case.

The right of the city to use the satisfaction of these assessments as a defense, in part, to the action of the plaintiff, must then be found in the provisions of the statutes cited, or arise from equitable considerations. The reasoning of the city from the statute is this: The money was applied to satisfy the assessments; it was thus applied with the assent of Bowes; he was the person named in the award as entitled to it; the statute empowers the city to pay to the party entitled; therefore a payment with his assent was a payment in pursuance of the statute; and the city, having observed it, is free from further liability. This might be good were there nothing

else in the case and in the statute. But there was a dispute as to Bowes' title to receive. The statute marks a way for the city when there is that dispute. It may keep clear thereof by paying the money to the chamberlain. The immediate parties to the dispute may litigate in the Superior Court, and need not draw in the city with them. When the city is made to know, while it holds the money, that there is dispute of the title to receive, it may not pay to the person named in the award, nor by his direction or assent, and use a payment thus made as a defense against the true owner of the award. Knowing that there are rival claimants, it should avail of the permission of the statute and pay the money to the chamberlain. That is in effect bringing it into court by interpleader to await judicial disposition of it.

Though this be established, the city further contends that the statute gives no right of action for the award, save in two cases, and that there is no right of action, save as it is there given. One of those cases is of an action against the city in the person named in the award, or in one who shows that he is entitled to an award to an unknown owner. The other is in a person who shows that the award ought to have been to him, and is against the person, to whom it has been paid in fact without he having right to receive it. It is true that when a new power, and the means of executing it, are given by statute, the power can be executed in no other way. (*Hovey* v. *Mayo*, 43 Me. 322; *Russell* v. *The Mayor*, 2 Denio, 461.) Applied to this case this rule means that when a statute gives a right and the means of obtaining it, the mode of the statute must be followed, so far as that mode goes. It does not mean that when the mode of the statute has been followed so far as that money, the equivalent of the right, has come into the hands of one who is a lawful temporary holder of it, and he neglects or refuses to pay it over, that all remedy stops there. Surely the one entitled to the money may then invoke judicial aid to compel that holder to go farther in the mode of the statute; or if he has improperly put it out of his power to do so, to force recompense from him. The right given by the

statute in this case is to an equivalent in money for a damage to lands. When, by the mode of the statute, the amount of the damage in money has been ascertained, and the money has been paid to a lawful statutory recipient other than the owner of the statutory right to the damages, a duty has been laid upon that recipient to dispose of that money as the statute prescribes. The owner of the right to the damages thus gets another right; that is, to have that duty done. Be it a right from the statute, or a right existing in general law, it would be bootless, if the recipient of the money could refuse to do the duty and the owner be without remedy in the courts. It is true that the statute gives a remedy against the person to whom the award has been paid without title in him thereto. It is reasonable to think that this provision had in view more particularly the case of a payment to a wrong person of an award made to an unknown owner; or to a person not the one named in the award; though the language is broad enough to cover other cases. However that may be, that is not the whole of the statute. It provides for a dispute of the title of him who is named in the award, and for action on the part of the city consequent upon a challenge of title. Though the words are, it shall be lawful for the city to pay to the chamberlain in such case, and are in form permissive, do they not raise a duty upon the part of the city so to pay? Then they are imperative. We can but think that by the payment to Bowes, after knowledge of the dispute of his title, the city failed in duty to the plaintiff, and that he has a right to the aid of the courts. We see no reason why he should not have an action for the amount.

There is another consideration that has pressed us much. That is, whether there did not exist in the city a right to a stoppage of the money applied by it to the payment of assessments upon the premises or some of them. It appears that in 1874 there was an assessment upon these premises for paving streets; that in 1875 there was one for a sewer; and that in 1876 there was one for regulating, grading, setting curb and gutter, and flagging part of a street; which assessments were paid by the city from the moneys derived from this award, as

is above stated. It is to be inferred that the work for which these assessments were laid was for the benefit of this property for the damage to which this award was made. It is probable that one of them was for the benefit of this property by the very change of grade for the damage by which this award was made. The first impulse is to say that there is a natural equity that the benefits done to the property should be paid for from the award for the damages done to it. But equity goes upon fixed principles; and it does not allow a set-off or a stoppage unless there is a recognized rule of law, or a recognized equitable reason that requires it. The data furnished by the case are not full and definite enough to say that such a rule or reason exists. The findings are that the assessments were assessed upon the premises. It does not appear against whom they were assessed. It does not appear that the premises are not of sufficient value for the assessments to be realized from them; or that the person, if any, against whom they are assessed is not still liable and able to pay them. It does not appear that they may not be collected in the way provided by law for the collection of assessments. Equity does not interfere to declare a set-off or a stoppage, unless there is one debt contracted on the faith of another; or an agreement between the parties that the one should be discounted from the other; or that there is a rule of law on which to base its action; or some intervening equity that renders the interposition of the court necessary for the protection of the demand. The facts as now developed show neither of these. It must be left for a new trial to bring them out, if they exist.

The judgment should be reversed and a new trial granted, costs to abide event.

All concur, except MILLER, J., not voting.

Judgment reversed.