AMBROSE E. BARNES, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

*Interpleader — when an order for, should be made under section 820 of the Code of Civil Procedure — The city of New York is not liable for interest upon awards until after a demand has been made.*

Where, in an action brought against the city of New York to recover the amount of an award made to the owner of land taken for the opening of a street therein, it appears that a third person has filed with the department of finance a notice by which he claims an interest in the award to the extent of the amount due upon a mortgage held by him against the property taken, it is proper for the court acting under section 820 of the Code of Civil Procedure to make an order substituting the said claimant as a defendant in the place of the city and requiring the latter to pay over the amount in dispute to its chamberlain.

Under section 6 of chapter 604 of 1874, making the awards to the owners of lands taken for streets payable upon the confirmation of the report of the commissioners, the city is not liable for interest upon the awards until after a demand therefor has been made.

Appeal from an order made at Special Term, substituting Jared F. Harrison as defendant in place of the mayor, etc., the present defendant, and requiring the plaintiff to interplead him as defendant in this action, and allowing the mayor, etc., to pay to the chamberlain of the city, to the credit of this action, the sum of money in dispute.

*Charles W. Dayton*, for the appellant. The remedy by motion for substitution under the Code Civil Procedure, section 820 (Code Pro., § 122) does not apply to any new class of cases but only allows this course in cases where a bill of interpleader formerly was sustainable. (*Sherman* v. *Partridge*, 4 Duer, 646; S. C., 1 Abb. Pr., 256; 11 How. Pr., 154; *Hornby* v. *Gordon*, 9 Bosw., 656; *Vosburgh* v. *Huntington*, 15 Abb. Pr., 254; *Pustet* v. *Flannelly*, 60 How. Pr., 67; *Delancy* v. *Murphy*, 24 Hun, 505.) Under section 820 of the Code of Civil Procedure it must be shown "that a person not a party to the action makes a demand against defendant for the same debt or property." Not the title to but a lien upon a part of plaintiff's award is demanded in this case. (1 Wait's Pr., 171; 4 id., 153; *Cody* v. *Potter*, 55 Barb., 463; *Diplock* v. *Ham-*

*mond*, 27 Eng. L. and E., 205.) The motion cannot be granted if there is any controversy as to the amount due from the moving party (*Chamberlain* v. *O'Connor*, 1 E. D. Smith, 665; *Bender* v. *Sherwood*, 15 How. Pr., 258), even if only as to interest. *Patterson* v. *Perry* (14 How. Pr., 505), a well considered case, this being the main point and the authorities being cited. The order granted deprived plaintiff of interest on his award. Damages awarded are payable immediately upon the confirmation of the award. (Laws 1874, p. 833, § 6; *Shepard* v. *The Mayor*, 13 How., 286.) It is the duty of the commissioners to ascertain the persons entitled to damages and award accordingly. (*Matter of Central Park Comrs.*, 16 Abb. Pr., 56.) The award, when confirmed, is conclusive upon the city and the owners and it cannot be attacked collaterally. (*Matter of Dept. of Public Parks*, 73 N. Y., 560; reversing 6 Hun, 486; *Livingston* v. *Sulzer*, 19 Hun, 375, 383.) Same principle, *Hatch* v. *Mayor, etc., of New York* (82 N. Y., 436, 440; reversing 46 Supr. Ct. [J. & S.], 539; *Mayor, etc., of New York* v. *Colgate* (12 N. Y., 140); *Fisher* v. *Mayor, etc., of New York* (67 id., 73). The right of the owner after the award becomes final is a vested right. (*People ex rel. Gas Co.* v. *The Common Council*, 78 N. Y., 56, 60; reversing 52 How. Pr., 346; *Morningside Park case*, 10 Abb. Pr. [N. S.], 338; S. C., 60 Barb., 132; 41 How. Pr., 12.) The case of the *Matter of Arnold* (60 N. Y., 28), was distinguished in *Dolan* v. *Mayor, etc.* (62 id., 472), and in *Astor* v. *Mayor, etc.* (62 N. Y., 591). Where the proposed new party could not maintain an action against the original defendant, the latter cannot have an order of interpleader. (*Conner* v. *Weber*, 12 Hun, 580, opinion DAVIS, P. J.; *Delancy* v. *Murphy*, 24 id., 503; *Sherwood* v. *The Mayor, etc., of N. Y.*, 11 Abb. Pr., 347; *Spears et al.* v. *The Mayor, etc.*, decided January, 1882, Ct. of App., EARL, J.)

*Walker Hartwell* and *Arthur H. Masten*, for the respondent. This action is one on contract. The order of confirmation was a judgment. (*Matter of Arnold*, 60 N. Y., 28; *Dolan* v. *The Mayor*, 62 id., 472; *Matter of Dept. of Parks*, 73 id., 565.) His action being on the judgment is one on contract. (1 Pars. on Con., 7; 2 Blackstone's Com., 465; *Ratcliffe* v. *Anderson*, 21 Alb. Law Jour., 338.) Both the plaintiff and Harrison claimed the same debt of the

defendants. Interpleader has been held to be proper, although the amounts sought to be recovered by the various claimants were widely different. (*Canfield* v. *Morgan and Sterling*, Hopk. Ch., 224; *Yates* v. *Tisdale*, 3 Edw. Ch., 71; *Thompson* v. *Ebbetts and Welch*, Hopk. Ch., 272; *Wilson* v. *Duncan*, 8 Abb. Pr., 354; *Chamberlain* v. *O'Connor* [N. Y. Common Pleas], 8 How. Pr., 45; *Mitchell* v. *Hayne*, 2 Stuart & Sim., 63.) The discretion of the court should be exercised in favor of the respondents, the mayor, etc. The section of the Code (820) was intended as a substitute for the bill of interpleader in equity. (*Pustet* v. *Flannelly*, 60 How., 67; *Delancy* v. *Murphy*, 24 Hun, 503; *Vide* Codifier's Notes, 251, original Code.) Principle on which bills of interpleader were permitted. (2 Story Eq. Juris., §§ 807, 824; see *Baltimore and Ohio R. R. Co.* v. *Arthur*, Daily Reg., Nov. 12, 1881, *per curiam* opinion.) The rights of the mortgagee remain unaltered and he is entitled to have the money in place of the land applied to the payment of his claim. (1 Jones on Mort., § 708; *Astor* v. *Hoyt*, 5 Wend., 603; 2 Dillon on Mun. Cor., § 612 [note], and cases there cited; see, also, *Spears* v. *Mayor*, cited *post.*) A party holding a fund in which he has no interest, and to which adverse claims are set up, is not bound to stand an action at law under a promise or offer of indemnity. (*Bleecker* v. *Graham*, 2 Edw. Ch., 647; *Yates* v. *Tisdale*, 3 id., 71, 76; 21 Hun, 584; 10 id., 160.)

Daniels, J. :

The fund in controversy was created by an award made for the value of the plaintiff's interest in land taken for certain street openings in the city of New York. After its creation, Harrison served a notice upon the department of finance claiming an interest in the award to the extent of the sum of $3,000, besides the interest which had accrued upon it by virtue of a mortgage held by him against the property. And by the affidavits produced it appeared that this claim had been made without collusion with the present defendant, and that it claimed no right or title to the money, but held it solely for the purpose of paying the award; and that, apparently, brought the application within the terms of section 820 of the Code of Civil Procedure.

The claimant, under the mortgage, was not precluded from

claiming its payment out of the fund, because it consisted of an award in favor of the owner of the legal title. The case arising on the application of the department of public parks (*Matter of Dept. of Parks*, 73 N. Y., 560) is in no manner in conflict with this proposition. For no such point was determined by it, but it was limited to a consideration of the rights of the parties when no intervening claim of this nature had been made.

The award now in controversy was evidently intended as a recompense for the value of the entire title taken in the proceedings, and it therefore necessarily included the value of a mortgage lien existing upon the property.

This view was taken of such an award in *Astor* v. *Hoyt* (5 Wend., 603), where it was held that the mortgagee was presumptively entitled to so much of the award as legally represented the amount of his mortgage. And it is sustained by the doctrine of *Hatch* v. *The Mayor, etc.* (82 N. Y., 436), where it was declared that "if the right of the party named in the award to receive it be disputed, it is lawful for the city to pay the sum named in it to the city chamberlain, to be secured, disposed of and improved as the Superior Court shall direct." (Id., 438, 439.)

After notice of an adverse claim, the city cannot with safety to itself pay over the fund until the determination of such claim, and the right of the person to receive it, has been established. This is clearly the effect of the provisions of the act under which this action has been brought for the recovery of the amount of the award. For that has so far preserved the right of the true owner to the fund as to authorize him to recover it from the party named in the award as the person entitled to it, after he has himself received the money. (Chap. 86, Rev. Laws of 1813, § 184, vol. 2, p. 418.) And this act was made applicable to these proceedings by section 4, chapter 604, Laws of 1874. For it was there provided that proceedings to acquire the land should be taken pursuant to such acts as were in force relative to the opening of streets, etc., in the city of New York, and which were made applicable to the streets, roads, etc., to be laid out by the commissioners of the department of public parks, in the same manner and to the same extent as if they had been laid out under the act of 1807.

These facts and the rights arising out of them presented a very

proper case for bringing this claimant into the proceeding, and requiring him and the plaintiff to settle the only dispute relating to the fund, between themselves, before its final payment should be directed. It was within the section of the Code to which reference has already been made and which is simply remedial in its nature. It provides an inexpensive and speedy mode for the litigation and settlement of controversies of this nature, and it should not be either so restricted, or clogged, by technical qualifications, as to deprive it of any of the advantages intended to be secured by it under a just and liberal construction and application of it. The fact that Harrison has not claimed the entire fund is not an important consideration. For he does claim a part of the identical money claimed by the plaintiff. As this provision of the act has contemplated such a controversy there would be no reason whatever in such a construction as would require the contesting claimants to settle their rights when they respectively related to the whole of the fund, and which should be held to deny such a disposition where the adverse claim only included a portion of it. What the Code intended by a demand for the same debt, was such a demand as was entitled to be satisfied or discharged out of the fund. That which was made by Harrison was a demand of this nature. This principle of the law as it is now embodied in this section of the Code, was so applied to a controversy dependent upon a partial claim in *Canfield* v. *Morgan* (Hopk. Ch., 224), and in *Thomson* v. *Ebbetts* (Id., 272), and a like conclusion was followed in *Yates* v. *Tisdale* (3 Edw. Ch., 71, 76). And it was considered entirely proper that it should be applied to controversies relating to awards of this nature, by the Court of Appeals, in the unreported case of *Spears* v. *Mayor, etc.* (87 N. Y., 359). It was there said, in the opinion of the court: "That the city would be justified to pay the person named in the award, unless it had received notice of an adverse claim. After such notice, and certainly after suit commenced for the award by a person not named in the report as entitled thereto, the city would pay to the person named therein at its peril. This construction of the statutes can lead to no serious embarrassment of the city in paying such awards, because in the case of conflicting claims known to it, it can compel an interpleader and thus relieve itself from embarrassment or double responsibility."

This states precisely the controversy which has arisen in this instance, and the city has availed itself of the course indicated by this opinion for the purpose of relieving itself from the embarrassment of a litigation in which it has no possible concern or controversy.

It has been objected that as the city has been required to pay interest upon the amount to be deposited only from the time when the demand was made upon it by the plaintiff for the money, and he claims that it should be computed from the date of the award itself, that this circumstance renders the case an improper one for an interpleader.

But as the city claimed no title to the fund and made no use of it, but simply held it for the benefit of and to be paid over to the party entitled to receive it, no legal principle became applicable under which interest could be claimed before the party presented himself to receive the money.

After the fund was created it was held by the public authorities in the nature of a trust for the benefit of the person entitled to it. No obligation was imposed upon the city to seek out and find the party and tender the money to him. The extent of the obligation was merely that of a depositary to keep it for the party entitled to receive it, and that continued to be its relation to this fund until an actual application for its payment had been made. For that reason no legal principle applied to it which would obligate the city prior to that time to pay interest upon it. The act, it is true, did render the award payable upon the confirmation of the report of the commissioners. (Laws 1874, chap. 604, § 6.) But it did not provide that interest should be payable on it from that time. The only effect of this provision was to entitle the party to call at once for his money. As long as he might fail to do that no default in its payment could be attributed to the city, and consequently no claim for the payment of interest could arise. By requiring interest to be added to the award from the time when the demand for payment was made, all that the law would justify was provided for in a direction contained in the order. The disposition which was then made of this controversy was clearly warranted by this section of the Code. Indeed no other course could be reasonably adopted by the city. It has no interest in the determination of

the conflicting claims made for this money, and it should not be required to contribute to their settlement by being a party to the litigation that may be necessary for that purpose.

The order was a very proper one, and it should be affirmed, with ten dollars costs, besides the disbursements.

BRADY and BARKER, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.