Hatch, J.
In 1883, the city of Buffalo instituted proceedings under its charter to acquire lands of the petitioner, *273 and many other persons for the extension of a street known as Elmwood avenue. Such proceedings were thereafter had that on the eleventh day of May in said year, the commissioner appointed in said proceeding to award to the owners and persons interested a just compensation for the lands taken, made and signed then.’ report. On the 15th day of June following, said report was confirmed by order of the court. No complaint is made by the petitioner, but that the proceedings taken to acquire the lands, for said purpose, were in all respects regular, and in accordance with the charter of said city, except in two particulars. Subsequent to said confirmation, and upon report of the attorney for said city, the common council determined the amount necessary to be appropriated to pay awards and expenses of said proceeding, to be the sum of $20,182.14, and ordered an assessment made for its payment. On the 14th day of December, 1885, said assessment had not been collected, and said awards becoming due and payable under the charier, the said counsel caused bonds of said city to be issued, payable in two years from said last mentioned date, for the purpose of raising a fund to pay said awards. The assessment levied for said improvement and to pay said bonds is now in process of collection.
In March, 1886, a petition was presented to the court at special term, asking that said proceedings be vacated and set aside as to the petitioner. Thereupon and on the 23d day of November, 1886, the court made an order vacating and setting aside the report of said commissioners, and ah proceedings subsequent thereto, so far as the same affected the lands of the petitioner, unless, within thirty days after service of a copy of "the order, the said city pay to the petitioner the sum of $42.28, erroneously awarded the city of Buffalo, and also certain taxes which had, after said proceeding was confirmed, been levied upon said lands, taken as aforesaid, and paid by the petitioner. An appeal from said order brings the case into this court.
A fundamental reason stands in the way of sustaining this order.
Section 10 of title 8, Charter of said city, provides that upon the coming in of the report of the commissioners, if the same be confirmed by the court, such order of confirmation “shall be conclusive upon the city, and upon the owners and all persons interested in the lands.” This determination partakes of the character of a judgment, and as such is final. People ex rel. Gaslight Company v. Common Council, 78 N. Y., 56.
The proceeding is an entirety; if vacated at all, it must *274 be vacated as to the whole, and all the machinery set in motion under it must fall. A recent case has decided that this may not be done. In the Matter of opening and widening Flushing avenue in Long Island City, 101 N. Y., 678.
The rights of the parties having become fixed, the petitioner became entitled to receive the sum awarded upon the expiration of one year from the confirmation of the report. Charter, § 15, title 8; Ganson v. City of Buffalo, 2 Abb. Ct. of App. Dec, 236; Warren v. City of Buffalo, id., 240, n.
That petitioner has not heretofore been paid her award is not the fault of the city, but her own.
There is no proof of any misconduct on the part of the commissioners which would justify the setting aside of this report. When confirmed, it is entitled to like consideration as the decision of a court, or the report of a referee, and the proof required to set it aside should be such as would justify a court in setting aside a decision or report. Matter of N. Y. C. and H. R. R. R. Co. 64 N. Y., 60.
It is contended on the part of the petitioner that she had no notice of the confirmation of the report, and consequently is not bound thereby.
Section 4, title 8, of the charter provides: “That a notice of determination on the part of the city to take lands, describing them, shall be published, and service of a copy of such notice shall be made upon the person who appears upon the record as the owner of said land,” etc. •
Section 6 of said title, provides: “That if an attorney-at-law appear for any person, he shall be entitled to notice of all subsequent proceedings.” No other notice than as above-stated is required by the charter to be given in said proceedings.
No claim is made but that the notice required by section 4 was properly served; the opposing affidavits show that the petitioner herein did not appear in the proceedings, she, therefore, did not become entitled to notice of the application to confirm the report of the commissioners. The farther claim is made that the award of $42.28 to the city of Buffalo, for unpaid taxes, is erroneous, as no sum was due said city, and for that, the award should be vacated. It appears that the sum awarded petitioner as damages by the commissioners, was $1,028, from which they took the first above-mentioned sum, and awarded it to the city of Buffalo for claimed unpaid taxes. It is now conceded by the attorney for the city that there was no unpaid taxes a lien upon the land, and that the city of Buffalo had no interest in the award. The duty imposed upon the commissioners is- *275 to make a just compensa'" l for the lands taken, and damages sustained.
As was said by Justice .^ael, in Spear v The Mayor (87 N. Y., 359), “The main purpose of the appointment of commissioners was to have the damages in consequence of lands taken for street improvements appraised, and the amount thereof assessed as directed by law * * * the ascertainment of the names of the persons whose lands were taken, or to whom damages were to be paid, was merely incidental to the main purpose, and was for the subsequent guidance of the city authorities, and the protection of the city.” Page 373.
The same doctrine was enunciated by Judge Sheldon in Matter of Curtiss Street (1 Sheldon, 425), where he held that the essential thing was the making by the commissioners of a just compensation for the property taken. Relief from this error, if we may call it such, was within the power of the court, it could correct it, but it furnishes no reason for setting aside the proceeding, as was held in the case last-cited. Barnes v. The Mayor, 27 Hun, 236; Hatch v. The Mayor, 82 N. Y., 436.
Ample authority is given for relief in such case by sections 16 and 17, title 8, of the charter.
All that is necessary, is, to make claim to the award; then the sum is required to be paid into court for the purpose of having it determined who the true owner is, and paid accordingly.
In the present case, a mere demand for the money would, undoubtedly, have been followed by a compliance on the part of the city, as an examination of the record would have disclosed that the taxes were paid, and the city without interest.
The fact of the payment of taxes by the petitioner, subsequently assessed upon the land condemned, does not furnish ground upon which to vacate this proceeding. It is wholly independent of the proceedings to acquire title to the land, and bears in no degree upon it. As well might the petitioner claim that the proceedings be set aside for a refusal to pay any other claim, which she might hold against the city. The court can hardly attach as a penalty the setting aside of legal proceedings, which have been regularly taken, unless the city pay a debt which it equitably owes. In addition to this, the taxes were voluntarily paid by the petitioner, and the statute of limitations run against her right .to recover them back. Section 9, page 211, Charter. Wilkes v. The Mayor, 79 N. Y., 621.
The learned judge who made this order, was no doubt impressed with the equitable force of the petitioner’s claim, in which view we concur. Were it possible to grant relief, *276 we-should not hesitate to do so. Equitably the petitioner is entitled to have refunded the taxes which she has paid, with interest. This right the common council will undoubtedly recognize upon a proper application made to them, by granting the relief asked. The order must be reversed, with directions that the city, under its stipulation made upon the argument, pay to the petitioner the sum of $42.28, with interest. No costs allowed to either party on this appeal. _