CHARLES W. OWERRE and Others, as Administrators, etc., of CHARLES BERRIAN, Deceased, and Others, Respondents, v. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellant.

*Assessments for opening streets — 1865, chap. 408 — irregularities not prejudicial to the owners do not entitle them to refuse to allow assessments made against them to be deducted from awards in their favor, as required by that act.*

Under the authority conferred by chapter 408 of 1865, portions of the lands owned by Charles and Elizabeth Berrian, in the county of Westchester, were appropriated to the opening and construction of an avenue, the parcels so appropriated being designated on a map prepared for the commissioners as parcels Nos. 52, 53, 55. and 56½. For parcel 52 the commissioners allowed to Charles Berrian the sum of $504; for parcel 53, $306; for parcel 55, $608; making an aggregate of $1,451, as was stated in the next column of the report made by the commissioners. The

adjacent lands owned by the same persons were assessed for benefits to the amount of $363.01 for parcel 52; $149.74 for parcel 53; $306.16, and $418.08 for parcel 55; amounting in the aggregate, as contained and stated in another column, to the sum of $1,236·99, leaving a balance of the awards of $214.01.

*Held,* that although this statement might not be precisely in accordance with the requirement of section 8 of chapter 408 of 1865, which contemplated that the amount of the assessment on each parcel of land should be separately deducted from the sum awarded for its value, yet as the report had been confirmed, and neither the owners of the land, nor the plaintiffs who have succeeded to their rights, had been prejudiced by the omission to state the balance in each instance between the amount awarded and the amount assessed, it did not entitle the plaintiffs to recover the awards without any deduction being made for the assessments on the lands adjacent to the parcels taken.

The commissioners determined, on a notice given by Charles Berrian, that a parcel of land designated on said map as No. 56½, which appeared to constitute a part of Lexington avenue, was not in fact a public highway, and made an award, therefor of the sum of $1,850 to unknown owners. This parcel and the lands adjacent thereto were owned by the said Charles and Elizabeth Berrian. Thirty-three of the lots, into which the adjacent lands were divided on the commissioners' maps, were assessed to Charles Berrian in the sum of $1,305, the assessments imposed upon the other lots being made to unknown owners. These assessments, it was claimed by the defendant, should also be deducted from the award for the strip of land designated as No. 56½.

The court below disallowed this claim made by the defendant, that the amount due and unpaid upon these assessments should be deducted from the award made for parcel No. 56½, upon the ground that the lots assessed were different lots from the land so laid down as a part of Lexington avenue.

*Held,* that it erred in so doing as the order confirming the report of the commissioners, was made upon the understanding that the assessments of the adjacent lands, were to be made contributory to the payment of this award; and that as the parcel in question, as well as the adjacent lands, were, when the commissioners made their report, owned by the same persons, that parcel had not then been legally separated from the adjacent lots, or parcels on the side of the highway, so as to prevent an assessment being imposed upon them.

*Hatch* v. *Mayor* (82 N. Y., 436) distinguished.

APPEAL from an order and from an interlocutory judgment sustaining a demurrer to portions of the defendant's answer.

*David J. Dean,* for the appellant.

*R. D. Hatch,* for the respondent

DANIELS, J. :

The demurrer as it is contained in the case states that the plaintiffs' demur to the counter-claim contained in the answer in paragraphs

nine and thirteen, for insufficiency in not stating facts sufficient to constitute a counter-claim. The answer contains paragraph nine and others up to and including paragraph thirteen. And it is quite probable that all these portions of the answer, as they relate to the same subject matter, were designed to be included within the demurrer, and should be so considered in the examination and decision of the appeal. It appears by the complaint and the admissions contained in the answer that Charles and Elizabeth Berrian were the owners of lands in the towns of West Farms in the county of Westchester, which were in part appropriated to the opening and construction of what has been called Central avenue, under the authority of chapter 408 of the Laws of 1865. The parts so appropriated were designated on a map, made for that purpose, as parcels 52, 53, 55 and 56½. The appraisement of the value of the lands included in the first three parcels was made by the commissioners appointed under the act in favor of Charles Berrian. For parcel 52 $504 was allowed; for parcel 53, $306; and parcel 55, $608, making an aggregate of $1,451, as it was stated in the next column by the commissioners. The adjacent lands from which these parcels were taken and owned by the same persons, were assessed for benefits to the amount of $363.01 for parcel 52, $149.74 for parcel 53, and $306.16 and $418.08 for parcel 55, amounting in the aggregate contained and stated in another column to the sum of $1,236.99, leaving a balance of the awards of $214.01. This statement was not precisely in accordance with what had been declared should be the report of the commissioners by section 8 of chapter 408 of the Laws of 1865, for that seems to have contemplated that the amount of the assessment on each parcel of land should be separately deducted from the sum awarded for its value. And for that reason it seems to have been supposed that the plaintiffs who have succeeded to the right of these owners, are entitled to recover the awards without any deduction being made for the assessments on the adjacent lands from which the parcels themselves were taken. This section of the statute has provided that the balance of the award over the assessment is the sum to be paid to each individual whose assessment amounts to less than the award. And there seems to be no good reason for holding that the defendant which became liable for the payment of the awards under section 9 of chapter

613 of the Laws of 1873, should on account of this irregularity, if indeed it be one, be deprived of the right to deduct the assessments from the awards and to extinguish its liability by payment only of the balance. The design of the statute was to preserve the land of each owner distinct and separate from the lands of others, and that the tabular statement should present the amount awarded to each owner, together with the sum of the assessment, and a statement of the balance payable upon the award. This would be necessary not only to avoid uncertainty and confusion, but also to carry out the intention of the law. It was not, however, frustrated in this instance, for the three awards were made to Charles Berrian, one of the owners, who was probably supposed by the commissioners to be the sole owner of these parcels of land. And the tabular form of statement made by the commissioners shows the precise sum of money to be deducted for assessments from each of the awards. Neither himself nor the other person owning the property with him, nor either of the plaintiffs, have been prejudiced by the omission to state the balance in each instance between the amount awarded and the amount assessed. It is readily ascertainable from the statement which was made, and there seems to have been in fact no impropriety whatever in aggregating the sums, as they have been, in total amounts showing the residue of the awards over the assessments to be paid for these parcels. The court at the hearing of the application to confirm the report must have so considered the case. And it is upon the report so made and confirmed, that the plaintiffs have predicated their claim for the recovery of the awards. And if they are entitled to the moneys, as they appear to be by the pleadings, it must be subject to the qualification appearing from the tabular statements of the commissioners accepted and confirmed by the report. And that would limit the balance to which they can be entitled upon these three awards to the sum of $214.

The parcel designated by the number 56½ appears to have constituted a strip of land which had been previously laid down as a part of Lexington avenue. The commissioners determined, on a notice from Charles Berrian, that it was not at this point a public road or highway, and for that reason they awarded for this parcel of land the sum of $1,850. This award was made in favor of unknown owners. But the land for which it was made, as well as

the adjacent lots, appear to have been owned by Charles and Eliza-beth Berrian. These adjacent lots were designated on the commis-sioner's map by numbers consecutively from 188 to 319, both inclu-sive. Upon thirty-three of the lots the assessments for benefits were made as the others were, in the name of Charles Berrian, amounting in all to the sum of $1,305. Upon the other lots the assessments were made against unknown owners, and the defendant's defense consisted in a statement of these and other facts, upon which it has been claimed that these assessments should also be deducted from the award for the strip of land laid down as a part of Lexing-ington avenue. But that was not permitted, on the ground that the lots assessed were different lots from the land so laid down as a part of Lexington avenue. But that conclusion does not appear to be well sustained. The order confirming the report of the commis-sioners, was made upon the understanding that the assessments of the adjacent lands were to be made contributory to the payment of this award. They were lands upon the side of the road bounding upon the land which was taken. And the aggregate assessments amounting to the sum of $1,385, are alleged in the answer to be a part of the assessment applicable to the payment of the award for the map or tabular number 56½. From these and other facts, as they have been alleged in the answer to which the demurrer was interposed, the conclusion appears to be inevitable that the land known as parcel 56½ was in fact a part of the parcels upon which the assessments for benefits have been made. It was all owned by the same owners, and it was originally appropriated as a part of an avenue, supposing that they were not entitled to actual damages for its appropriation. This was a mistaken view of their rights, and the commissioners accordingly enlarged the award to such an extent as to allow them the full value of the land. And that, for the first time, under the statute legally separated it from the adjacent lots or parcels on the side of the highway benefited by the improvement, and that was evidently sufficient to bring the case within this section of the act of 1865.

In this respect the case differs from *Hatch* v. *Mayor, etc.* (82 N. Y., 436), upon which the decision at the Special Term seems to have proceeded. That case has no application to this controversy, as it is developed by these facts, under these provisions of the statute.

What the law intended was that the owners of the property taken for the highway should be paid the balance only remaining due to them, after deducting therefrom the amounts assessed upon lands owned by them deemed by the commissioners to be benefited by the highway and which the statute required to be included to the extent of 200 feet in width. The spirit and intent of the law, as well as of the rule applicable to other controversies of the same character, require this adjustment to be made before any payment from the awards can be legally demanded or received by the plaintiffs. (*Reab* v. *McAlister*, 8 Wend., 110, 114; *Batterman* v. *Pierce*, 3 Hill, 171.) As already observed if the commissioners proceeded irregularly as the plaintiffs' claim the advantages which they are entitled to demand under their action, they must take it subject to the qualification of bearing all burdens intended to be imposed upon and first borne by the amount of the awards. The assessments in each instance should be deducted from the awards and the residue only recovered in the action. The order and judgment, therefore, should be reversed, and an order made overruling the demurrer, with leave to the plaintiffs to withdraw it and reply to the answer on payment of the costs of the demurrer and the costs of the appeal.

Brady and Bartlett, JJ., concurred.

Judgment reversed and demurrer overruled with leave to plaintiff to reply on payment of costs of demurrer and of appeal.