(22 App. Div. 605.)

CLARK v. VILAS NAT. BANK OF PLATTSBURGH (two cases).

(Supreme Court, Appellate Division, Third Department.   December 7, 1897.)

1. INJUNCTION STAYING FORECLOSURE—WHEN PROPER.
   In actions to foreclose mortgages on land owned by the members of the
   firm of N. & Co., a bank, made a defendant as a subsequent judgment credit-
   or, served answers (1) denying knowledge or information sufficient to form
   a belief as to the execution and delivery of said bonds and mortgages; (2)
   averring that the mortgagors of the land had conveyed it to plaintiff, and
   thereby the mortgages became merged and extinguished; and (3) averring
   that said bank commenced an action, which was still pending, against the
   mortgagors, plaintiff, and N. & Co., incorporated, to whom plaintiff had con-
   veyed the land, to set aside as fraudulent the latter conveyance and the con-
   veyance to plaintiff, and the transfer of certain personal property made at the
   same time, and judgment therein had been taken when these actions were
   commenced, declaring them fraudulent as against said bank, and that plaintiff
   herein account to it for the property so fraudulently taken, and that she is
   indebted to said bank on account of said property in an amount exceeding
   $6,000. *Held* that, since none of the issues made by the first and second
   answers would be determined in the prior action commenced by the bank,
   as set forth in the third answer, said first and second defenses did not en-
   title the bank to an order restraining plaintiff from proceeding in her
   actions until its rights were established by a judgment of the supreme court
   in its action.

2. SAME.
   In the absence of any claim in the third defense for an equitable set-off
   of the sum that might be established to be due the bank from the mort-
   gagee, on an accounting in said prior action, or of any allegations showing
   such a set-off proper. or of any good reason shown why plaintiff's actions
   should be restrained until such accounting was had, such defense was in-
   valid, and did not entitle the bank to such restraining order.

3. SAME.
   The bank set up, as a fourth defense, that the actions were commenced
   by plaintiff after judgment in the action by it adjudging said transfers void
   for the purpose of defrauding said bank, and to make it impossible for it
   to realize the amount due it out of property equitably subject to payment of
   its debt; that a receiver had been appointed of the personalty formerly be-
   longing to N. & Co., and the sale of the land would render valueless all said
   personalty; that these actions were brought to render worthless a portion
   of the bank's security; and that plaintiff had appealed from the judgment
   obtained by the bank, and the appeal was then pending. *Held*, that no de-
   fense was set forth in said answer, and it did not entitle the bank to such
   restraining order.

Appeal from special term.

Two actions by Mary T. Clark against the Vilas National Bank of
Plattsburgh, N. Y., impleaded with others.   From an order staying
all proceedings in said actions until the further order of the court,
plaintiff appeals.   Reversed.

These actions were brought by the plaintiff for the foreclosure of two mort-
gages held by her on lands in the city of Albany owned by the members of the
firm of Newton & Co. The Vilas National Bank was made a party defendant
in each of the actions as a subsequent judgment creditor, and served answers
therein. The answers deny any knowledge or information sufficient to form
a belief as to the allegations in the complaint relating to the execution and de-
livery of said bonds and mortgages. Second, aver that on May 20, 1891, the
defendants John M. and Horace B. Newton, the then owners of the mortgaged
premises, conveyed the same to the plaintiff, and that by said conveyance the
mortgages in question became merged and extinguished. Third, that the Vilas
National Bank, a judgment creditor, commenced an action, which is still pend-

ing, against the defendants John M. and Horace B. Newton, the plaintiff, and Newton & Co., incorporated, to whom the plaintiff had conveyed said premises, to set aside as fraudulent the conveyance to the plaintiff, and from her to Newton & Co., incorporated, of said mortgaged premises, and the transfer of certain personal property made at the same time, and that a judgment in said action had been taken when these actions were commenced, adjudging said conveyances and transfers fraudulent and void as against the Vilas National Bank; and that the plaintiff herein, defendant in said action, account to said bank for the property thus fraudulently taken by her, and that she is indebted to said bank on account of said property in an amount exceeding $6,000. For a fourth defense, the respondent averred that the action was commenced after a judgment in the action brought by the Vilas National Bank adjudging said transfers from Newton & Co. to the plaintiff, and from her to Newton & Co., incorporated, fraudulent and void, for the purpose of defrauding the Vilas National Bank, and to make it impossible for the bank to realize the amount due it out of and from the property which is legally and equitably subject to the payment of the debt to said bank; that a receiver has been appointed of the personal property formerly belonging to Newton & Co., and that the sale of the real estate would render valueless all the personal property now held by the said receiver; that these actions were brought for the purpose of rendering worthless a portion of the security held by the said Vilas National Bank for the payment of its debt; that the plaintiff has appealed from the judgment therein obtained by the respondent, which appeal is now pending. The bank asks for a decree adjudging said mortgages to be fully paid and satisfied, and that the court grant an injunction restraining all proceedings in said actions until the rights of the Vilas National Bank have been fully established by a judgment of this court. On the pleadings, and upon affidavits, the Vilas National Bank applied to a special term of this court for an order to restrain the plaintiff from proceeding in these actions. The grounds or facts on which the application was based are the same as interposed in the answers as a defense to the actions. On said application an order was granted on October 12, 1897, staying all proceedings in these actions until the further order of this court. From said order the plaintiff appeals.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-NAM, and MERWIN, JJ.

Bulkeley & Tennant (Charles E. Patterson and Albert C. Tennant. of counsel), for appellant.

Harris & Rudd (William P. Rudd, of counsel), for respondent.

PUTNAM, J. The interest of the respondent in the mortgaged premises, or in the personal property of Newton & Co., cannot be affected by these actions until the plaintiff obtains judgment therein. If either of the defenses interposed are valid, the Vilas National Bank does not require any stay of proceedings, because on a trial it will prevent the obtaining of a judgment by the plaintiff. If neither of the defenses are valid, and the plaintiff in fact is entitled to a judgment; if she, as the owner of the bonds and mortgages described in the complaint, has valid and legal claims against the property in question,—she should not be restrained by the order of this court from collecting her debt, especially as it appears that there are prior mortgages on the same property on which foreclosure actions may be instituted, and that the mortgagors are insolvent, unless for reasons hereinafter suggested. As the Vilas National Bank applied for the order in question on the same facts as are set out in the answers as a defense to the actions, ordinarily, the proper procedure for the parties would be to try the questions raised by the pleadings in the actions in the usual

way, rather than on affidavits on a motion to stay proceedings.    A stay of proceedings has, however, been sometimes granted in actions where a former action between the same parties is pending which will determine the issues raised in the latter.    It has been held, however, that such a stay will not be directed where it appears that, whatever be the result of the first action, a trial of the second will be necessary. If only a portion of the questions involved in the last action will be settled in the first, a stay will not be granted.    See Rum. Prac. 178, and cases cited; People v. Northern R. Co., 53 Barb. 98–121; Burlingame v. Parce, 12 Hun, 149–151.

Will the final judgment that may be rendered in the action brought by the Vilas National Bank against the plaintiff and others determine the issues in these actions?    The first defense in these cases puts in issue the execution and delivery of the bonds and mortgages in suit. Of course, the issue thus raised will not be determined in the first action.    The second defense sets forth a conveyance of the mortgaged premises, subsequent to the execution of the mortgages, by the owners of the equity of redemption, to the plaintiff, and that thereby the mortgages became merged and extinguished.    This issue, also, will not be determined by the judgment that may be entered in the first action.    And it may be remarked that the respondent requires no stay of proceedings in order to properly present the defense last referred to, on the trial of these actions.    If the defense is valid, the defendant on the trial of the action will be able to prevent a recovery by the plaintiff.

The third defense, not denying that the mortgages in suit are valid instruments, sets up a fraudulent transfer by the members of the firm of Newton & Co. to the plaintiff of the mortgaged premises, and certain personal property, described in the answer, to the plaintiff, and her conveyance thereof to Newton & Co., incorporated; that the Vilas National Bank had commenced an action to vacate said transfers, and obtained, before the commencement of these actions, a judgment decreeing the said transfers fraudulent and void as to it, and that the plaintiff account to said bank for the property taken, which amounts to several thousand dollars; and the answer avers that plaintiff is indebted to said bank for and on account of said property in an amount exceeding $6,000.    It is probable that the claim which the respondent may be able to establish against the plaintiff on an accounting will be inconsiderable, as she received a conveyance of the property in question on May 20, 1891, and transferred said property to Newton & Co., incorporated, on June 8th thereafter.    But, however that may be, the respondent does not set up such claim as a set-off or counterclaim. Had the respondent attempted to do so, it is not clear that, under the circumstances, it is a case where an equitable offset could be allowed. It is not claimed that the plaintiff is not amply responsible for any sum the respondent may recover or show due on an accounting.    A set-off in equity in such a case is only allowed when there is some intervening equity which renders the interposition of a court of equity necessary to protect the creditor.    Elliott v. Smith, 77 Hun, 116, 28 N. Y. Supp. 288; Pond v. Harwood, 139 N. Y. 111, 34 N. E. 768.    If the plaintiff is responsible, no such interposition is necessary, and no reason is ap

parent for restraining the plaintiff from proceeding in her actions until the amount of the plaintiff's claim can be established.

But, as suggested, the bank does not set up the claim to be established on an accounting as a set-off; does not ask to have it applied on the mortgage in suit. Hence it is not apparent why the fact set out in the third defense avers any ground for the order in question, or why the fact that the defendant has an unliquidated claim against the plaintiff to be established in the pending action arising out of her connection with the wrongful and unlawful scheme of Newton & Co. to transfer the property in question with intent to defraud creditors avers any defense to these actions, in the absence of any claim that she is irresponsible for the damages that may be awarded against her in the former action, or of any demand that such damages, when ascertained, shall be applied as an equitable offset on the mortgages in suit. We presume that it will not be seriously contended that the facts stated in the fourth answer set out any defense to these actions. It is not averred therein that the plaintiff's mortgages are invalid, unless rendered so in consequence of the facts therein set forth. Nor does the pleading set forth any facts tending to substantiate the charge therein contained of fraud and conspiracy on the part of plaintiff in instituting actions to collect her valid mortgages. Assuming that the plaintiff, owning the mortgages in suit, entered into a fraudulent scheme with the owners of the equity of redemption to transfer the mortgaged premises and certain personal property from such owner to the plaintiff, and from her to Newton & Co., incorporated, in consequence of which the respondent was injured, such scheme had no connection with or relation to her mortgage lien on said property existing long before it was formed, and could form no defense to her subsequent action to foreclose the mortgages; nor, if the plaintiff had a valid lien on the premises in question under her bonds and mortgages, was her motive or intent in commencing the actions material. Nor is it apparent how the fact that a sale of the premises in question, under the foreclosure commenced by the plaintiff, will depreciate the value of the personal property thereon on which the defendant has a lien, can form a defense to the action. In the absence of any claim in the third part of defendant's answer for an equitable set-off of the sum that may hereafter be established as due from the defendant on an accounting in the first action, or of any allegation showing such a set-off proper, or showing any good reason why the plaintiff's proceedings should be restrained until such accounting shall be had, and under the facts alleged in defendant's fourth answer, it is not apparent that any defense is set forth in either of said answers. We therefore reach the conclusion that the order from which the appeal is taken cannot be sustained.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.