CLARK v. VILAS NAT. BANK OF PLATTSBURGH et al. (two cases).

(Supreme Court, Special Term, Ulster County. July, 1898.)

MORTGAGES—FORECLOSURE—SALE—STAY.

> A sale under a decree of foreclosure will not be stayed, on the application of subsequent judgment creditors of the mortgagor, on the ground that the mortgagor had, for the purpose of defrauding such creditors, transferred personal property to the mortgagee, and that in an action to set aside such transfer a receiver had been appointed and an accounting was being had.

Two actions by Mary T. Clark against the Vilas National Bank of Plattsburgh, impleaded with others. Heard on motion by defendants for an order staying a sale after entry of a decree of foreclosure. Denied.

Harris & Rudd, for the motion.
Patterson, Bulkeley & Van Kirk, opposed.

CLEARWATER, J. The first action is to foreclose a mortgage for $10,000, dated the 11th of July, 1887, upon which the whole amount, with interest from July 11, 1896, is due. The second is to foreclose a mortgage for $1,500, dated the 1st of July, 1872, upon

which the whole amount, with interest from July 1, 1895, is due, less the sum of $10 paid on account of interest. The property covered by these mortgages is subject to two prior mortgages,—one for $20,000, and one for $7,500; the principal of both being past due, and the interest for some time due and unpaid. The plaintiff has a decree of foreclosure in both actions, with the usual direction that the property be sold under the direction of a referee, and the mortgage debt paid from the proceeds of the sale, which has been advertised. The defendant the Vilas National Bank of Plattsburgh has a judgment against the owner of the equity of redemption; its claim being upwards of $6,000. A receiver of the personal property of the judgment debtor has been appointed, and an accounting has been ordered, and is now proceeding before a referee, relative to the transfer of certain personal property by the judgment debtor to the plaintiff. An order granted at the Albany special term of October, 1897, staying all proceedings of the plaintiff, was reversed by the appellate division in December last. Clark v. Bank, 22 App. Div. 605, 48 N. Y. Supp. 192. The court is now asked to stay the sale upon the ground that it would be best for all the parties interested to have the accounting completed, and the real and personal property sold together. Entirely aside from the question whether the decision of the appellate division is an adjudication upon the matters involved in this motion, I do not think the bank is entitled to the order. While the court has large discretionary power, it should be exercised judiciously, and not arbitrarily; and a mortgagee, having a specific lien untainted with fraud, has, as a rule, the right to enforce it, regardless of the effect upon subsequent lienors or unsecured creditors. It is only where there is fraud in the procurement or concoction of the judgment itself, or where the unsuccessful party has been prevented by some cause unmixed with fault or negligence of his own from availing himself of a defense, or something happens after it is granted making it improper or unjust to enforce it, that the court should stay the execution of its own judgment. A direction to sell the property is more than an incident of a decree of foreclosure; it is an essential and vital portion of the decree itself. Nor am I able to see that the plaintiff's action in pressing the sale is inequitable or unjust. The fact that the personal property is in the hands of a receiver is not a sufficient reason for staying the sale, where the court itself has adjudged the validity of mortgages antedating the receiver's title, and directed their satisfaction out of the property which they cover. No facts subsequent to the rendition of the judgments of foreclosure are disclosed showing a sufficient reason for the intervention of the court; nor is it at all clear that, if the order asked for was granted, the plaintiff's mortgages would be fully satisfied, and the interest of the other persons interested in the property substantially advanced.

The motion is denied, with $10 costs.