BICALKY FAN COMPANY, Appellant, *v.* MOSIER & SUMMERS, INC., and Others, Respondents, Impleaded with the CITY OF BUFFALO, Defendant.

Fourth Department, March 28, 1917.

Practice — when stay will not be granted because of prior action pending.

A stay of proceedings in an action will not be granted upon the ground that a prior action is pending between the same parties in reference to the same subject-matter, where it appears that whatever be the result of the prior action, a trial of the second action will be necessary. If only a portion of the questions involved in the second cause of action will be settled in the first action, a stay will not be granted.

Hence, in an action for the foreclosure of a mechanic's lien for certain apparatus furnished to subcontractors, in which an infringement of a patent is claimed and set up as a partial defense, a stay should not be granted because of a pending action in the Federal court relating to the infringement, because even if the infringement be established in the Federal court, it will not be decisive of this action.

APPEAL by the plaintiff, the Bicalky Fan Company, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 12th day of December, 1916, vacating and setting

aside an order directing that this action be placed at the head of the day calendar for the first day of the Equity Term and postponing the trial until the final determination of the issues joined in the United States District Court for the Western District of New York, between the Buffalo Forge Company, plaintiff, and the City of Buffalo and Thomas-Smith Company, defendants.

The action is for the foreclosure of a mechanic's lien for ventilating apparatus furnished to subcontractors and used in the construction of the Technical High School, and claimed to be an infringement of the Buffalo Forge Company's patent.

*J. Ralph Ulsh* and *August Becker*, for the appellant.

*Clarence R. Runals* and *Robert J. Summers*, for the respondents.

PER CURIAM:

The rule is well settled that a stay of proceedings in an action will not be granted upon the ground that a prior action is pending between the same parties in reference to the same subject-matter, where it appears that, whatever be the result of the prior action, a trial of the second action will be necessary. If only a portion of the questions involved in the second cause of action will be settled in the first action, a stay will not be granted. (*Clark* v. *Vilas Nat. Bank*, 22 App. Div. 605; *Dolbeer* v. *Stout*, 139 N. Y. 486.)

The matter relating to the infringement is set up as a partial defense. Even though the infringement is established in the suit pending in the Federal court, it will not be decisive of this action. Under such circumstances a stay should not be granted. What bearing the question of infringement may have and to what extent the question may be tried in this action, can better be determined when all the facts are before the court.

In *Pratt* v. *Paris Gas Light & Coke Co.* (168 U. S. 255) it was held as stated in the head note that "When a State court has jurisdiction both of the parties and the subject-matter as set forth in the declaration, it cannot be ousted of such jurisdiction by the fact that, incidentally to his defense, the defend-

ant claims the invalidity of a certain patent." (See, also, *Wise* v. *Tube Bending Machine Co.*, 194 N. Y. 272, 278; *Pratt* v. *Hawes*, 118 Wis. 603; *David* v. *Park*, 103 Mass. 501.)

The order should be reversed, with ten dollars costs and disbursements, and the application for a stay denied, with ten dollars costs.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.