Daniels, J.
—It appears by the proceedings, that fourteen other actions have been brought by judgment creditors, to set aside as fraudulent the assignment made by William M. Halsted and others, to Lewis May for the benefit of their-creditors.
This action has been tried, and a judgment recovered by the defendants, and the object of the motion was to stay -the trial of the other fourteen, until the hearing and determination of an appeal taken-from the judgment.
If the actions all proceeded upon the same state of facts, the order would be entirely proper, for there would be no justice in allowing so many actions to lie tried, when probably but one result would be secured, until some final decision should be made, definitely settling the rights of the parties to the controversy. Bub it is stated in the affidavit of one of the attorneys, in the case of William Ewart and others against the same defendants, that additional proof tending to overthrow the assigment will be.produced upon another trial, beyond ¡that upon which the ¡case --of Brown *207 against May has been decided. And to allow the creditors an opportunity to produce and present that proof, the action of Ewart and others against May and others, should be allowed to be brought to trial. But as that trial will present all rhat can probably be shown against the legal validity of the assignment, a stay of proceedings in the other thirteen suits should be ordered.
There is no necessity for the present trial of either of those, and it would be as unjust to the plaintiff in them as it would be to the defendants, to require or permit them all to be tried, when the trial of one of the number of the untried suits will effectually dispose of the controversy concerning this assignment. If, upon the trial of the action already mentioned, the creditors shall be able to set aside the assignment, then a formal disposition of the other suits will be all that can be required ; while if that action shall fail upon a state of the evidence not capable of being improved by the trial of either of the other actions, then those actions will necessarily have to be dismissed, and as a matter of justice, in them the costs following upon such a dismissal should not be unnecessarily increased.
The order from which the appeal has been taken should be reversed, and an order directing the proceedings in the thirteen untried actions to be stayed until the hearing and decision of the appeal from the judgment already recovered, and the trial and decision of the case of Ewart and others against May and others, and the costs and disbursements of this appeal should abide the event of the litigation.