FRAZIER M. DOLBEER, Appellant, *v.* JOHN STOUT, Respondent.

A stay of proceedings in one action, until the determination of another pending in another court, may not be granted, when the party against whom the stay is sought, is neither a party nor privy to such other action, and will not be bound by any adjudication therein.

Plaintiff, as assignee of L. & Co., brought this action to recover a sum alleged to be due for storage of goods under a contract between that firm and defendant. The latter set up in his answer as a counterclaim, and by way of recoupment, damages alleged to have been sustained by him by reason of a failure on the part of L. & Co. to perform their contract. Upon the pleadings, and an affidavit showing that prior to the commencement of this action defendant had brought an action against L. & Co. to recover said damages in another court which action was then pending, an order was granted staying proceedings herein until the determination of the other action. *Held*, error.

(Argued October 16, 1893; decided October 24, 1893.)

APPEAL from order of the General Term of the Superior Court of the city of New York, made May 2, 1892, which affirmed an order of Special Term granting a stay of proceedings.

This action was brought October 1, 1891, to recover $4,811.46, with interest, claimed to be due from defendant for the storage of a quantity of poultry by F. C. Linde & Co., the plaintiff's assignors. The defendant, by an amended answer, alleged that Linde & Co. entered into a contract with him to properly store the poultry, and that they failed to do so, to defendant's loss of $19,546.09. As a second defense, he set up his first defense as a counterclaim, and for a third defense set up the same matter by way of

recoupment. Upon the pleadings, and an affidavit by defendant's attorneys, in which he admits that plaintiff is the assignee of the claim of Linde & Co., and states that prior to the commencement of this action, the defendant had brought an action in the Supreme Court against Linde & Co. to recover damages for their breach of the contract with him, and that issue was joined therein December 29, 1891, and upon the pleadings in said action an order was granted requiring plaintiff to show cause why the proceedings in this action should not be stayed until the final determination of the action in the Supreme Court.

Upon the hearing, under the order to show cause, a stay was granted.

*Edward S. Clinch* for appellant. The court will not stay proceedings in a cause pending the trial of another cause unless the parties whose proceedings are stayed are parties to or are represented in the other action, and their rights can be fully protected and adjudicated therein. (*James* v. *J. C. Co.,* 8 N. Y. S. R. 490; *De Groot* v. *Jay,* 30 Barb. 483; *Travis* v. *Myers,* 67 N. Y. 542; *T. A. R. R. Co.* v. *Mayor, etc.,* 54 id. 159.) Defendant cannot successfully plead his counterclaim in this action, whether commenced by Linde & Co. or by the present plaintiff, and, therefore, defendant's counterclaim will not be inquired into on the trial of this action. (42 N. Y. S. R. 693.) Any equitable defense the defendant has can be tried in this suit. (*Pitcher* v. *Hennessy,* 48 N. Y. 415; *Dawley* v. *Brown,* 79 id. 290; *People* v. *Wasson,* 64 id. 167; *Winfield* v. *Bacon,* 24 Barb. 54; *Richardson* v. *Davidson,* 24 N. Y. S. R. 638.) It is improper to stay the proceedings in this action until the trial and final determination of the action in the Supreme Court. (*Farnsworth* v. *W. U. T. Co.,* 1 N. Y. S. R. 80.) The order appealed from does not require the defendant to give any security under the order. (Code Civ. Pro. § 611.)

*George F. Martens* for respondent. The order now appealed from was purely discretionary, and is not appealable.

And the present appeal should, therefore, be dismissed. (*People* v. *N. R. R. Co.*, 53 Barb. 98.) The present defendant, Stout, who commenced the action in the Supreme Court, the first action, was right in his motion to stay the present action. (Code Civ. Pro. §§ 488, 498.) Stout, in the present action and motion, showed abundant ground for his motion. (Code Civ. Pro. § 503.) The equitable power of the very court in which it is pending on a motion to stay the very action has been frequently exercised. (*Jackson* v. *Schaubee*, 4 Cow. 70; *T. A. R. R. Co.* v. *Mayor, etc.*, 54 N. Y. 159; *N. Y., L. E. & W. R. R. Co.* v. *Robinson*, 15 N. Y. S. R. 237; *Flanagan* v. *Flanagan*, 13 id. 432; *Pusey* v. *Bradley*, 46 How. Pr. 255; *Cushman* v. *Leland*, 93 N. Y. 652; *Schuehle* v. *Remian*, 86 id. 270.) It was entirely discretionary with the Special Term in Superior Court to make under the circumstances the order appealed from, and the learned judge at Special Term gave ample reasons for it. (*Deyo* v. *Morris*, 80 N. Y. 273.)

ANDREWS, Ch. J. The plaintiff was not a party to the action brought by the defendant Stout against F. C. Linde & Co. for damages for the breach by Linde & Co. of the contract of storage. This action, though growing out of the same contract, is for a different cause. The plaintiff is the assignee of Linde & Co., and as such claims to recover storage charges under the contract. A recovery by Stout in the action against Linde & Co. would not conclude the plaintiff in this action, nor would it be evidence against him of a breach of the contract by Linde & Co. The defendant in this action may allege and prove the non-performance by Linde & Co. of their contract, and counterclaim any damages he may have sustained thereby to the extent necessary to defeat a recovery by the plaintiff. But judgment in the other action in favor of the plaintiff therein against Linde & Co. would be *res inter alios acta*. It would not operate as an estoppel upon the plaintiff, nor would he be bound by any adjudication in that action of fact or law. Judgments are binding upon parties or privies,

but the plaintiff in this action would be neither a party nor privy to any judgment rendered in the other action. The legal and equitable rights of the defendant are fully protected by his being permitted to set up and establish his claim for damages in answer to the claim for storage. We think that the court had no power to stay the plaintiff's suit under these circumstances. The defendant, if compelled to try the two actions, may be subjected to the expense and inconvenience of a double litigation of questions of fact. But as the result of the first action would not be a relevant fact in the trial of the second action, a temporary stay until the determination of that action will not relieve the defendant from this embarrassment. We find no authority justifying the staying of proceedings in one cause until the determination of another cause pending in another court, where the party against whom the stay is sought is neither a party nor privy to such other action, and would not be bound by any adjudication therein.

Where the decision in one action will determine the right set up in another action, and the judgment on one trial will dispose of the controversy in all the actions, a case for a stay is presented, but the power exercised by the Special Term in this case is, so far as we can ascertain, without precedent, nor does it seem supported by reason. (See *Travis* v. *Myers,* 67 N. Y. 542; *Third Ave. R. R. Co.* v. *Mayor, etc.,* 54 id. 159; *People* v. *Wasson,* 64 id. 167; *De Groot* v. *Jay,* 30 Barb. 483.)

The plaintiff here, having no interest in and not being a party to the other action, could not intervene therein, and by the order in question the trial of this action may be postponed indefinitely, awaiting the trial and determination of another action, the result of which will in no way affect his rights.

We think the order of the Special and General Terms should be reversed, with costs, and application denied.

All concur.

Order reversed.