(91 App. Div. 394.)

OGDEN v. PIONEER IRONWORKS.

(Supreme Court, Appellate Division, Second Department. March 4, 1904.)

1. ACTIONS—ISSUES—STAY.
    An order staying proceedings in an action pending the determination of another suit should not be granted before issue joined.

2. SAME.
    Defendant agreed with plaintiff's assignor to construct a steam asphalt roofing plant under a contract for a penalty for delay, and in an action to recover an unpaid balance of the price plaintiff's assignor answered, setting up, among other things, but not as a counterclaim, defendant's failure to complete the plant according to contract, and the damages resulting therefrom, but demanding no affirmative relief. Thereafter, the claim for damages arising from the failure to complete the contract was assigned to plaintiff, and the action at bar was brought thereon. *Held* that, since plaintiff's assignor was not bound to set up its claim for damages by way of counterclaim in the prior action, but was entitled to maintain an independent suit thereon, an order staying plaintiff's action until the prior action was determined was erroneous.

**3. SAME—ACTION IN DIFFERENT COUNTY.**

Where an action was brought to recover the balance due on a building contract, in which damages for breach of the contract were alleged in defense, but not by way of counterclaim, the owner's assignee was entitled to bring an independent suit against the contractor to recover such damages in a county other than that where the original suit was pending, and where a speedier trial could be obtained, in order to forestall the trial of the claim on the contract by a prior trial of the claim for damages.

Appeal from Special Term, Queens County.

Action by Beecher Ogden against the Pioneer Ironworks. From an order staying all proceedings on the part of plaintiff until the determination and entry of judgment in another action, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Robert B. Honeyman, for appellant.
Albert G. McDonald, for respondent.

HIRSCHBERG, P. J. In February, 1902, the defendant, the Pioneer Ironworks, contracted with the H. W. Johns-Manville Company to build for the latter a steam asphalt roofing plant for $11,600. The contract provided that time should be of the essence, and that the sum of $100 per day should be paid by the defendant as liquidated damages for a failure to complete the plant after a certain stipulated period. In September, 1903, the defendant brought an action in the Supreme Court, Kings county, against the H. W. Johns-Manville Company to recover an unpaid balance of the purchase price of the plant, and the defendant in that action duly answered, setting up among other defenses, but not as a counterclaim, the failure of the Pioneer Ironworks to complete the plant according to contract, and the damages resulting therefrom, but demanding no affirmative relief. Thereafter the claim of the H. W. Johns-Manville Company for damages arising from the failure to complete the contract was duly assigned by that company to the plaintiff herein, and this action was brought in Queens county upon the claim so assigned. The order appealed from, granted upon the defendant's motion, stays all proceedings herein upon the part of the plaintiff until the determination of, and entry of judgment in, the action brought to recover the unpaid contract price.

No answer has been served in this action, and it is impossible to tell what the issues will be. It was accordingly improper to grant the order in advance of the issue. Fuller v. Read, 15 How. Prac. 236. Aside from this consideration, however, I am of opinion that the case presented by the facts is not within the class in which a stay should be granted pending the trial of another action. The defendant cannot recover its claim for liquidated damages in the action in Kings county, and it cannot be compelled to set up such claim as a counterclaim therein. The actions are not between the same parties, nor are they for the same cause. Although both arise out of the same contract, one is upon the contract for the stipulated price, while the other is for damages growing out of an alleged breach. I can see no essential difference between the facts in this case and those in Dolbeer v. Stout,

139 N. Y. 486, 34 N. E. 1102, in which the court said (page 489, 139 N. Y., and page 1102, 34 N. E.):

"We find no authority justifying the staying of proceedings in one cause until the determination of another cause pending in another court, where the party against whom the stay is sought is neither a party nor privy to such other action, and would not be bound by any adjudication therein."

In that action the plaintiff was the assignee of a claim for storage charges under a contract. A prior action had been brought by the defendant against the plaintiff's assignors to recover damages for the breach of the contract of storage, and it was held that the proceedings in the second action could not be restrained, notwithstanding the defendant in that action set up by way of counterclaim the same claim for damages as that on which he had sued. The decision was placed upon the lack of power in the court to stay the plaintiff's suit under those circumstances. The court further said (page 489, 139 N. Y., and page 1102, 34 N. E.):

"Where the decision in one action will determine the right set up in another action, and the judgment on one trial will dispose of the controversy in all the actions, a case for a stay is presented; but the power exercised by the Special Term in this case is, so far as we can ascertain, without precedent, nor does it seem supported by reason. See Travis v. Myers, 67 N. Y. 542; Third Ave. R. R. Co. v. Mayor, etc., 54 N. Y. 159; People v. Wasson, 64 N. Y. 167; De Groot v. Jay, 30 Barb. 483."

To the same effect are the decisions of this court in Consolidated Fruit Jar Co. v. Wisner, 38 App. Div. 369, 56 N. Y. Supp. 723, and of the Appellate Division in the First Department in Kerngood v. Pond, 84 App. Div. 227, 82 N. Y. Supp. 723.

The moving papers disclose no equity in favor of the defendant. The only suggestion made is that this action was brought in Queens county because the condition of the calendar is such that a speedier trial can be obtained there than is possible in Kings county, and that it was also brought in order to forestall the trial of the claim on the contract by a prior trial of the claim for damages. Both objects are within the strict rights of a litigant. Equity is not opposed to a speedy trial of a case, and a defendant may elect to enforce a claim by an action in the forum of his choice, rather than to submit it by way of counterclaim in the suit of his opponent. This latter proposition was expressly held in Brown v. Gallaudet, 80 N. Y. 413. The court said (page 417):

"Brown was not bound to set up in that action [the one brought by Gallaudet] his claims against Gallaudet for money collected as his agent, which form the subject of the present action, nor to avail himself of the credit which Gallaudet proposed in his complaint to give him. He had the right to reserve his own claims for a cross-action, the conduct of which he could control, and to confine his defense in the action brought by Gallaudet to such matters as would defeat Gallaudet's claims set up in that action. * * * It was not in the power of Gallaudet, by bringing the first action, to disable Brown from suing him. Brown had the right to take the position that all the claims of Gallaudet were groundless, and to institute his own action for the moneys collected by Gallaudet as agent."

The same rule was applied in Inslee v. Hampton, 8 Hun, 230; Carlin v. Richardson (Super. Buff.) 1 N. Y. Supp. 772; McGrath v. Maxwell, 17 App. Div. 246, 45 N. Y. Supp. 587; and Gillespie v. Torrance,

25 N. Y. 306, 82 Am. Dec. 355. See, also, Clark v. Vilas National Bank, 22 App. Div. 605, 48 N. Y. Supp. 192.

The learned counsel for the respondent cites no authority in support of the order. The cases presented are all of the class referred to in Dolbeer v. Stout, supra, where the judgment on one trial will determine and dispose of the claims set up in the action which is stayed. Here, however, the plaintiff's claim cannot be enforced under the pleadings in the first action, and the authorities referred to have no application. The order should be reversed, and the motion denied.

Order reversed, with $10 costs and disbursements, and motion denied, with costs. All concur.