(46 Misc. Rep. 128.)

SAMMONS v. PARKHURST et al.  FREDERICK v. SAME.  SAMMONS v. SAME.  TAYLOR v. SAME.

(Supreme Court, Special Term, Fulton County.  January, 1905.)

ACTION—STAY—SIMILAR ACTION PENDING.

The owners in severalty of lands abutting on a creek sued defendants, owners in severalty of tanneries upon said creek, by the same attorney, to recover for the pollution of the stream and to restrain further pollution. Defendants demurred to the complaints on the ground of misjoinder. *Held*, that a motion to stay further prosecution in said actions on the ground that another owner had brought a similar action in which a decision on a demurrer was pending would be denied for want of power.

Actions by Sampson Sammons against Edward S. Parkhurst and others, Peter Frederick against the same, Willard S. Sammons against the same, and Ann Taylor against the same. Motion by defendants to stay plaintiffs from proceeding further in such actions until the determination of a similar action brought by another. Denied.

Baker, Burton & Baker and William A. McDonald, for the motions.

M. D. Murray (A. J. Nellis, of counsel), opposed.

SPENCER, J. The plaintiffs are the owners in severalty of lands lying along the Cayadutta creek, and have brought these actions against the defendants, who are owners in severalty of tanneries upon said creek, to recover damages for the pollution of the creek, and for an injunction restraining defendants from further polluting the same. It appears from the moving papers that certain of the defendants have demurred to the complaints on the ground of misjoinder, there being no allegation of mutuality. The status of the cases as to the other defendants does not appear. The demurring defendants now move this court to stay the plaintiffs from proceeding further in their several actions on the ground that one Warren, another owner of property along said creek, has brought a similar action against them for injuries to the lands owned by him, and wherein a similar demurrer has been interposed and tried, and that the decision thereof is now pending; and ask that the stays continue until the final determination of the Warren suit, after appeal,

if any. It appears in the moving papers that all the plaintiffs are represented by the same attorney, that the same question is raised by each demurrer, and that each plaintiff has noticed his case for trial. On this state of facts the court of its own motion would no doubt delay, for a reasonable time, decision awaiting a precedent in the Warren case. But the defendants are not content with that course, but seek to restrain the plaintiffs from proceeding. The question is one of power.

The defendants, in support of their contention, cite a number of decisions where stays have been granted; but none of them seem to be in point. Thus, in Erie R. Co. v. Ramsey, 45 N. Y. 637, the parties to the two actions were identical; in Kerr v. Blodgett, 48 N. Y. 62, Travis v. Myers, 67 N. Y. 542, and Brown v. May, 17 Abb. N. C. 205, the plaintiffs in the several actions brought suit in behalf of themselves and all other creditors of insolvent debtors, and were required to submit to a decision in one of the suits; in Schuehle v. Reiman, 86 N. Y. 270, the plaintiff was a party to a proceeding in the County Court, and was required to pursue his remedy there; in Matter of Attorney General v. Guardian Mut. Life Ins. Co., 77 N. Y. 272, the receiver, and in Cushman v. Leland, 93 N. Y. 652, the trustee, was held to represent all the creditors, and, as suing creditors, plaintiffs were required to seek relief by means of the action so brought by their representative. A similar situation existed in Burlingame v. Parce, 12 Hun, 149. I find no instance where independent plaintiffs in different actions have been stayed until the determination of a similar action by another. In Jackson v. Schauber, 4 Cow. 78, the situation was the exact reverse of that here. There the plaintiff began a large number of separate suits against different defendants for substantially similar causes of action, and the court stayed the plaintiff from prosecuting any of the actions save one, and ordered that the untried actions abide the event of the one so permitted to be tried. This was no hardship to the plaintiff, as the trial of one of his actions was equivalent to the trial of all; and the court had power to so order because the defendants were asking favors, and therefore under the necessity of submitting to the conditions imposed.

Unless I greatly mistake the purport of the decision in Dolbeer v. Stout, 139 N. Y. 486, 34 N. E. 1102, the Court of Appeals has expressly denied that power is lodged in this court to stay a plaintiff in the prosecution of his action pending a decision of another action to which he is not a party or privy. In that action the plaintiff, as assignee of Linde & Co., brought suit against the defendant to recover the contract price for storing certain property. The defendant counterclaimed, alleging that Linde & Co. had broken their contract, and asked to offset his damages in reduction or extinguishment of plaintiff's claim. It appeared that prior to the commencement of the action the defendant had sued Linde & Co. to recover the same damages; and the defendant (being defendant in one action and plaintiff in the other) asked that the plaintiff in the case against him be stayed from further prosecuting his suit until the determination of the defendant's action against Linde & Co.

This court at Special Term granted the stay, and the same was affirmed by the General Term, but the Court of Appeals reversed both decisions; Chief Judge Andrews, speaking for the court, saying:

"We think that the court had no power to stay the plaintiff's suit under these circumstances. The defendant, if compelled to try the two actions, may be subjected to the expense and inconvenience of a double litigation of questions of fact. But as the result of the first action would not be a relevant fact in the trial of the second action, a temporary stay until the determination of that action will not relieve the defendant from this embarrassment. We find no authority justifying the staying of proceedings in one cause until the determination of another cause pending in another court, where the party against whom the stay is sought is neither a party nor privy to such other action, and would not be bound by an adjudication therein."

I am unable to distinguish that case from the one at bar. The facts in that case were much stronger in favor of a stay than those set out in the moving papers here. There can be no claim in these cases that the plaintiffs are in any way either parties or privies to the Warren suit. No one of them has any control over the prosecution of that action, and will not be bound by the decision therein.

The motions are therefore denied, with costs, solely for the want of power. The orders denying the motions may contain statements to that effect.

Ordered accordingly.