### REED v. FENN et al.

(Supreme Court, Trial Term, Monroe County. January 8, 1910.)

1. CONTINUANCE (§ 10*)—PENDENCY OF OTHER ACTIONS.

Where a number of actions were brought by different plaintiffs against the same defendants, involving substantially the same questions, the trial of the other cases cannot be postponed pending the determination of an appeal by defendants from an order setting aside a verdict for them in one of the cases, as the decision on appeal in that case would not determine

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

the issues in the other cases, so·as to obviate the necessity of a trial therein.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 26–34; Dec. Dig. § 10.*]

2. ABATEMENT AND REVIVAL (§ 64*)—GROUNDS OF ABATEMENT—DEATH OF DEFENDANT.

The death of one of several defendants stays the proceedings until such defendant's personal representatives are substituted in his place.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 322–329; Dec. Dig. § 64.*]

3. CONTINUANCE (§ 49*)—CONDITIONS ON GRANTING.

Where it would have been possible to try only two of a number of cases against the same defendants during the term, defendants will only be required to pay term fees in two cases as a condition to ordering all the cases over the present term for trial on defendants' motion, because of the death of a defendant and in order to give his representatives time to prepare for trial, with term fees to plaintiffs in the other cases to abide the event, and taxable witness fees to them in all the cases so far as they have subpœnaed witnesses for the present term.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 143–145; Dec. Dig. § 49.*]

Action by Edgar P. Reed against Albert O. Fenn and others. Motion by part of defendants to postpone the trial of a number of cases and for other relief. Cases postponed over term on terms stated.

Motion by each of the defendants, except the defendant Busch (not served), in this and 32 other separate actions by other plaintiffs against the same defendants, to postpone the trial of these cases until the hearing and determination of the appeal of the defendants Watson, Sibley, Eastman, and Strong to the Appellate Division of this court, from an order setting aside the verdict in their favor in the case of Charles M. Lane against the same defendants and granting a new trial, and for such other or further relief as to the court may seem just.

James M. E. O'Grady and Elbridge L. Adams (John Desmond, of counsel), for plaintiffs.

Satterlee, Taylor, French & Goodwin, for defendants Watson and ·Sibley.

Walter S. Hubbell, for defendants Fenn, Eastman and Strong.

Perkins, Duffy & McLean, for defendant Finucane.

Harris, Havens, Beach & Harris, for defendant Satterlee.

FOOTE, J.  It is at least doubtful whether this court has the power to postpone the trial of these cases until the determination of the appeal in the Lane Case; but, if it has the power, certainly the established practice is against such an order, where, as in this case, its practical operation would be to stay the proceedings in these actions. The reason is that the decision upon the appeal in the Lane Case, whatever it should be, would not obviate the necessity of a trial of these cases, as it would not determine, as between the parties in these cases, any of the controversies involved. I regard the cases of Dolbeer v. Stout, 139 N. Y. 486, 34 N. E. 1102, Ogden v. Pioneer Iron Works, 91 App. Div. 394, 86 N. Y. Supp. 955, and Sammons v. Parkhurst, 46 Misc. Rep. 128, 93 N. Y. Supp. 1063, as controlling. The late Judge Rum-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sey, in his work on Practice (volume 2, p. 199) has this to say upon this question:

"Of course, where the party against whom the stay is sought is neither a party nor privy to the other action, a stay should not be granted. To entitle the defendant in the second action to this relief, it must appear that the parties in both actions are the same. And a stay will not be granted in such a case, where it appears that, whatever may be the determination of the first action, the trial of the second action will still be necessary."

If the defendants cannot· have the stay or postponement asked for until the decision. of the appeal in the Lane Case, then they ask that those cases go over the present term for the reasons stated in their af-' fidavits. These reasons are, in brief, that the causes of action are each of the same character and arise out of the same transactions and involve an investigation of the same character as in the Lane Case, except that each plaintiff sues to recover for a separate sale of bonds to himself, made, however, under similar circumstances and representations, and at about the same time; that all the counsel and parties have quite recently spent a month's time in the trial of the Lane Case, and that the appeal in the Lane Case has been perfected and the record is now in process of preparation for the Appellate Division of this court; that the questions of law and fact involved in all the actions are complicated and complex, and that the trial of any one of the actions is necessarily burdensome and expensive; that· the decision of the appeal in the Lane Case will, to a large extent, settle and determine the law applicable to all the actions, with the result that subsequent trials will consume less time and be less expensive to all parties; that Mr. Milburn, who took the leading part for the defendants, or some of them, as counsel in the trial of the Lane Case, has other and important professional en- ·gagements which will prevent his taking part, as he is expected to do in the trial of subsequent cases, until March; that Mr. Perkins, who also took a leading part, representing the defendant Finucane in the trial of the Lane Case, is now necessarily occupied in the discharge of his duties as member of Congress, where during all of the present term of this court he will be detained in Washington in the work of one of the important committees of the House, of which he is chairman.

If these cases were such as could be tried in two or three days, perhaps the engagements of counsel such as are stated would not be a sufficient reason for putting these cases over the present term. In that case, it might be proper to require the defendants to employ other counsel to represent them; but the present counsel have necessarily spent a great amount of time in becoming familiar with the facts and law in preparation for the trial of the Lane Case, and still further in the four weeks' study and investigation during the progress of that trial, and defendants ought not to be deprived of the benefit of the preparation these counsel now have to represent them upon another trial, unless the necessity is great. But, in view of the intricate character of the questions·of law and fact involved, it is very doubtful whether new counsel now brought into the case, with the aid and assistance of those who assisted Messrs. Milburn and Perkins at the Lane trial, could prepare to try one of these cases at the present term. Certainly·a consid-

erable length of time would need to be allowed to new counsel for such preparation.

But since these motions were submitted, Mr. Satterlee, one of the defendants, has died. His death operates to stay all proceedings in the cases in which he is a party until his personal representatives are substituted in his place. An examination of the charge of the learned trial judge and of his opinion upon the motion granting a new trial in the Lane Case, which were submitted with the papers upon this motion, satisfies me that Mr. Satterlee's relations to these cases were such that none of them should be brought to trial until his personal representatives have had a reasonable opportunity to prepare, and that for that reason alone, if for no other, these cases should be ordered over the present term.

As it would have been impossible to try more than two of these cases at the present term, I think the defendants, as a condition of granting this order, should be required to pay term fees in two cases only, and taxable witness fees in all of the cases, so far as plaintiffs may have subpoenaed witnesses for the present term; plaintiffs to be allowed term fees in the other cases to abide the event.

An order may be made accordingly in each case.