Abraham Rosenberg, Appellant, *v.* Charles Slotchin and Nelly Slotchin, Respondents.

Third Department, December 28, 1917.

**Stay — when motion not granted — other action pending — cause not at issue.**

It is only where a decision in one action will determine all the questions in another action, and the judgment on one trial will dispose of the controversies in both actions, that a case for a stay is presented.

Plaintiff and defendant N. S. entered into a contract for the exchange of property which provided a certain sum as liquidated damages to either for breach of the contract by the other. The defendant C. S. signed said contract, but assumed no obligation or liability thereunder. Before service of the summons and complaint in defendants' action against the plaintiff brought in the county where they resided for breach of the contract and liquidated damages, plaintiff instituted the present action, designating the county where he resides as the place of trial. Upon defendants' motion for a stay of proceedings in plaintiff's action it appeared that the defendant N. S. had not answered, and that her time to do so had not expired and that the plaintiff had not pleaded his counterclaim for liquidated damages in the defendants' action.

*Held*, that, under such circumstances, the defendants' motion for a stay should be denied.

Until both actions are fully at issue, it is impossible to say that a determination in one action will dispose of the other.

A motion to stay an action will not be granted until after the issues are complete.

Appeal by the plaintiff, Abraham Rosenberg, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Sullivan on the 7th day of March, 1917, staying all proceedings herein until the determination of another action brought against the plaintiff by the defendants.

*Joseph I. Stahl*, for the appellant.

*Samuel Widder*, for the respondents.

Cochrane, J.:

December 2, 1916, the defendants delivered to the sheriff of Sullivan county, where the plaintiff resided, a summons

and complaint for service on him in an action about to be instituted against him by the defendants in Kings county where they resided. Such summons and complaint were served December 11, 1916. In the meantime, and on December ninth, the plaintiff instituted the present action by the service of the summons on the defendant Charles Slotchin, designating Sullivan county as the place of trial.

There is some ground for the inference that the plaintiff evaded service of the summons in the Kings county action until he had procured service of the summons in this action, and for the purposes of this appeal it will be assumed that he is in no better position than he would be if the Kings county action had actually been first begun. But something more is required to justify an order staying proceedings in an action than that the party against whom the stay is sought stands second in the race for priority. It is only where the decision in one action will determine all the questions in the other action, and the judgment on one trial will dispose of the controversy in both actions that a case for a stay is presented. (*Dolbeer* v. *Stout*, 139 N. Y. 486, 489; *Ogden* v. *Pioneer Iron Works*, 91 App. Div. 394, 396; *Consolidated Fruit Jar Company* v. *Wisner*, 38 id. 369, 375.)

Both actions arise out of a contract for the exchange of real estate and personal property between the plaintiff and the defendant Nelly Slotchin, wherein the parties to such contract among other things agreed upon the sum of $500 as liquidated damages to either for the breach thereof by the other. Each party to the contract claims that the other broke the contract by refusing to perform it. The purpose of each action is to recover damages for such breach of contract. The plaintiff herein by his answer in the Kings county action denies some of the allegations of the complaint, alleges a refusal to perform the contract by the plaintiffs in that action, and alleges the pendency of this action at the time of the commencement of that action on the same cause of action alleged in the complaint therein. Of course if the issues presented by the pleadings were the same in both actions and each party was seeking in each action all the relief to which they might under any circumstances claim to be entitled, a determination in one action might dispose of the contro-

versy in the other. But such is not the present situation. As stated the contract of the plaintiff was made with Nelly Slotchin. For some reason Charles Slotchin signed the contract but he agreed in the contract to do nothing whatever and his liability, if any, must rest in part at least on something outside the contract which on its face discloses no obligation or liability which he has specifically assumed. Nelly Slotchin, who undoubtedly has a genuine interest in the litigation, has appeared in this action, but at the time the order in question was granted had interposed no answer and her time to do so had not expired so that as to her the action was not yet at issue. Until both actions are fully at issue it is impossible to say that a determination in one action will dispose of the other. A motion to stay an action will not be granted until after the issues are complete. (*Ogden* v. *Pioneer Iron Works,* 91 App. Div. 394; *Raymore Realty Company* v. *Pfotenhauer-Nesbit Company,* 139 id. 126.) Nelly Slotchin may in her answer in this action interpose the defense of fraud or deceit in procuring her to execute the contract in question or some other defense raising an issue which clearly would not be determined in the Kings county action under the pleadings as they now stand. In *Clark* v. *Vilas National Bank* (22 App. Div. 605) it was held by this court: " If only a portion of the questions involved in the last action will be settled in the first, a stay will not be granted."

Furthermore the plaintiff has not pleaded his counterclaim for the liquidated damages in the Kings county action nor was he obliged to do so. In *Walkup* v. *Mesick* (110 App. Div. 326) an effort was made to stay proceedings in another action brought by the defendant against the plaintiff, and the court said: " He [the defendant] cannot be compelled to set up his counterclaim herein. He had the right to reserve his own claims for a cross-action, the conduct of which he could control, and to confine his defense in the action brought against him to such matters as would defeat the claims there set up. (*Brown* v. *Gallaudet,* 80 N. Y. 413; *Ogden* v. *Pioneer Iron Works,* 91 App. Div. 396.) Assuming that the plaintiff should be defeated as to either of his causes of action, or any part thereof, defendant could obtain no affirmative relief. (*Kerngood* v. *Pond,* 84 App. Div. 227.) " (See, also, *Con-*

*solidated Fruit Jar Company* v. *Wisner*, 38 App. Div. 369, 376; *Ogden* v. *Pioneer Iron Works*, 91 id. 394, 396.) Not seeking any affirmative relief in the Kings county action, a decision in favor of this plaintiff in that action will not give him the relief to which, if successful, he would be entitled in the present action, and as clearly indicated in the cases cited he is not required to allege a counterclaim in that action.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.