CATHERINE GENIN BURKE, Plaintiff, *v.* CORTLAND BETTS and Another, as Administrators with the Will Annexed, etc., of HENRY T. KEYSER, Deceased.

Supreme Court, New York County, February 15, 1926.

Actions — stay — administrators of maker of promissory note brought action in equity for cancellation thereof — payee began action on note while equity action was pending — said administrators not entitled to stay proceedings in action on note where final determination in equity action would not terminate litigation between parties — abatement and revival — complaint in payee's action will not be dismissed on ground another action is pending.

An order staying all proceedings in an action by the payee of a promissory note, given by defendants' intestate, pending the determination of said defendants' prior action in equity to cancel said note on the ground that it was executed without consideration by the intestate at a time when he was mentally incompetent, will not be granted, since the determination in the equity action would not necessarily terminate the litigation between the parties, and judgment in favor of the defendant in the equity action would still leave the action by the payee to be tried and determined.

Mere priority in action is not sufficient to entitle the prior plaintiff to stay a subsequent action against him. Nor should the complaint in the action on the note be dismissed on the ground that there is another action pending between the same parties for the same cause, since a judgment for the defendant in the equity action would not bar such defendant's action on the note in the absence of a counterclaim in the equity action.

PENDING an action by administrators for the cancellation of a note, the payee brought an action on said note. Motion by administrators to stay proceedings in action on note until final determination of prior action and for an order dismissing the complaint.

*Medina & Sherpick,* for the plaintiff.

*Shearman & Sterling,* for the defendant Cortland Betts.

*Graves, Miles & Yawger,* for the defendant Telfair W. Marriott.

LEVY, J. Early in the year 1925 the administrators of Henry T. Keyser commenced an action in equity in which they sought the cancellation of a certain promissory note in the sum of $150,000, alleged to have been made by the decedent to the order of Catherine Genin Burke. It was claimed by them that the note was then not yet due and they averred (1) that it was executed at a time when Keyser was mentally incompetent, and (2) that it was made and delivered without consideration. The complaint also demanded judgment that the defendant Burke be enjoined from negotiating the note or from bringing any action to enforce its payment. A

motion was thereafter made by the administrators for an injunction *pendente lite*, seeking the very relief in part that was demanded by the prayer of the complaint, which said motion was denied on the condition that the note be deposited in escrow pending the outcome of the action to cancel it, with a provision directing the escrow agent to produce the note on the demand of the defendant Burke on the trial of any action in which she might desire to offer it in evidence.

Soon after the note became due and during the pendency of the equity action in which, by the way, issue has not yet been joined, an action on the note was commenced by Miss Burke against the administrators. They now move in that very action (1) for an order staying all proceedings until the final determination of the equity suit, and (2) for an order dismissing the complaint on the ground that there is another action pending between the same parties for the same cause. In so far as they seek a dismissal of the complaint on the ground urged, they are entirely without merit, in view of the well-settled rule that the plaintiff in one action must be the plaintiff in the other, and the defendant in the one the defendant in the other. (*Westminster Church* v. *Presbytery of New York*, 211 N. Y. 214; *Cornell* v. *Bonsall*, 176 App. Div. 798.) In the *Cornell* case, however, the plaintiff in the second action had pleaded the identical cause of action as a counterclaim in the first action, and the court properly stated that the counterclaim in the first action was equivalent to another action pending on the part of the defendant there, who set up such counterclaim. The appropriate test for determining whether the defense in another action pending is sufficiently made out has been expressed in somewhat different form in the case of *National Fire Ins. Co.* v. *Hughes* (189 N. Y. 84). The Court of Appeals there pointed out that the defense of a prior action pending is not made out by showing merely that a *judgment in favor of the plaintiff* in the prior action would bar the defendant's action on his claim. The court (at p. 91) declared, citing *Consolidated Fruit Jar Co.* v. *Wisner* (38 App. Div. 369), that " ' It must further appear that a judgment therein in favor of the defendant therein, even if it were only a dismissal of the complaint on the merits, would be a bar to such new action by defendant. It is optional with the defendant whether he will set up a counterclaim or bring a cross action therefor.' " Applying that test to the instant case, we find that a judgment for the defendant in the equity action would not bar such defendant's action on the note since no counterclaim has been set up in that litigation. It is well established that there was no obligation on the part of the defendant Burke to counterclaim in such equity

MATTER OF BLUMENTHAL. **603**

Misc. 603]    Surrogate's Court, New York County, February, 1926.

suit. (*Brown* v. *Gallaudet,* 80 N. Y. 413; *Consolidated Fruit Jar Co.* v. *Wisner, supra.*)

That feature which seeks a stay of the action upon the note until final judgment in the equity cause, also falls foul of the authorities. No extended discussion is necessary in support of the proposition that an action will not be stayed merely because the plaintiff therein, had he so desired, might have set up the cause of action alleged in his complaint as a counterclaim in a prior action commenced by the defendant. Obviously, it is only where a decision in the action sought to be continued would finally determine all questions presented in the other action, that a proper case for the stay is presented. (*Dolbeer* v. *Stout,* 139 N. Y. 486; *Rosenberg* v. *Slotchin,* 181 App. Div. 137.) True it is that a judgment in favor of the *plaintiffs* in the equity action would constitute a bar to the further prosecution of the law action. But a judgment in favor of the *defendant* in the equity action would still leave the law action to be tried and determined, in which the administrators might set up, in addition to the defense constituting their cause, new defenses not averred in the equity complaint. It, therefore, follows that the final determination of the equity suit would not necessarily terminate the litigation between the parties. (See, also, *Raymore Realty Co.* v. *Pfotenhauer-Nesbit Co.,* 139 App. Div. 126; *Walkup* v. *Mesick,* 110 id. 326; *Jones* v. *Leopold,* 95 id. 404.) It may also be observed that mere priority in action is insufficient to entitle the prior plaintiff to stay the subsequent action against him. This follows as a corollary to the well-established principle, already adverted to, that a defendant may choose to set up his counterclaim against the plaintiff in a separate action brought by such defendant rather than as a counterclaim in the action instituted against him. (*Ogden* v. *Pioneer Iron Works,* 91 App. Div. 396; *Rosenberg* v. *Slotchin, supra.*) Under the circumstances the motion must be denied.