CHARLES T. KEANE, JR., et al., as Executors of GERTRUDE W. HOWE, Deceased, Plaintiffs, *v.* FRED W. MIXTER et al., Defendants.

Supreme Court, Special Term, Broome County, March 29, 1952.

*Morris Gitlitz* and *Charles T. Keane, Jr.*, in person, for executors, plaintiffs.

*Chernin & Gold* for Fred W. Mixter and another, defendants.

McAvoy, J. Plaintiffs have moved for an order striking out the " Third " separate defense contained in the answer of the defendants Mixter, on the ground that it is sham and insufficient in law. The action is brought for the foreclosure of four certain mortgages given by the defendants Mixter to plaintiffs' testatrix, Gertrude Werner Howe, in her lifetime.

The defense in substance alleges that there is another " action " or " proceeding " instituted prior to this action, now pending in the Surrogate's Court of Broome County, seeking a judicial determination of the identical facts and issues raised by the complaint herein, and that the parties have submitted such controversy to the Surrogate's Court and that such court has exclusive jurisdiction.

The defendants Mixter, subsequent to plaintiffs' motion to strike out such defense, moved for an order staying the trial of this foreclosure action and all further proceedings herein, until the determination of the alleged " action " or " proceeding " in Surrogate's Court. Both motions are before this court for decision.

The alleged " action " or " proceeding " in Surrogate's Court arises out of the fact that defendants Mixter, prior to the commencement of the foreclosure action, filed a claim with plaintiffs as executors of the estate of the said Gertrude Werner Howe, claiming that testatrix, as mortgagee, in her lifetime had made a binding legal agreement with them as mortgagors, whereby for a valuable consideration, she agreed to cancel and discharge the mortgages here sought to be foreclosed. Such claim demanded that the executors satisfy and discharge the mortgages.

This alleged claim for the cancellation of the mortgages was rejected by the executors. No action was commenced thereon by the Mixters within three months after the rejection as was required by the provisions of section 211 of the Surrogate's Court Act. They were then barred by the terms of the statute from bringing an action on the claim. Their only remaining remedy was to await judicial settlement of the estate, at which time they could try the issue as to the validity of the claim before the Surrogate.

The defendants Mixter contend that such state of the proceedings relative to their claim constitutes a " prior action pending " in Surrogate's Court, for the same cause as presented in this action to foreclose.

Plaintiffs deny that such filing of a claim amounts to an " action " or " proceeding " sufficient to raise a valid legal defense to the foreclosure, and further contend that a determination of the Surrogate will not necessarily conclude the controversy in both courts.

It has been held *for the purpose of tolling the Statute of Limitations* that the filing and rejection of a claim constitutes a *joinder of issue* in a proceeding in Surrogate's Court. (See *Matter of Schorer,* 154 Misc. 198, affd. 248 App. Div. 666, affd. 272 N. Y. 247.)

It does not seem to have been squarely held that such a proceeding constitutes a " prior action pending " for the same cause, for the purpose of barring an action in another court relative to the same subject matter.

Here the affirmative defense interposed by the defendants is intended to act as a bar to the prosecution of plaintiffs' foreclosure action. In its prayer for relief, the answer demands that plaintiffs' complaint herein be dismissed and the defense in question is one of the grounds urged therefor.

As hereinabove mentioned, defendants have also moved for a stay of this action and all proceedings herein until the final accounting and judicial settlement of the estate in Surrogate's Court.

The question presented here is one of good practice and orderly procedure. It should be resolved by adopting that course which will save time and expense to the courts and litigants. This can only be accomplished by confining the litigation to that forum which has the authority to grant such relief in one action as will conclude the controversy between the parties.

Here a decision upon the validity of defendants' claim in Surrogate's Court will not *necessarily* terminate the litigation between the parties. It will do so only in the event that the Surrogate decides favorably to the defendants Mixter. We have no assurance that the claim will be so decided. If the decision is unfavorable, the parties must return to Supreme Court and litigate the validity of the mortgages, the question of defendants' default, the amounts due, etc., which issues have been raised by the defendants' answer. This relief cannot be obtained in Surrogate's Court, as that court has no equitable powers to grant judgments of foreclosure and sale.

The Supreme Court has the power to terminate the entire controversy between the parties in this action. The validity of the liens of the mortgages can be here litigated, and if the dispute is resolved in plaintiffs' favor, they can then proceed with the foreclosure and obtain the relief demanded.

In any event, the judgment in this action will terminate the controversy. This, as we have said, is not necessarily so in the decision on the claim in Surrogate's Court. The weight of the authorities on the question here involved is to the effect that litigation should be confined to that tribunal which has the power to finally determine the entire controversy between the parties. (See *Dolbeer* v. *Stout,* 139 N. Y. 486; *Rosenberg* v. *Slotchin,* 181 App. Div. 137; *Raymore Realty Co.* v. *Pfotennauer-Nesbit Co.* 139 App. Div. 126; *Matter of Grure,* 169 Misc. 170, 178, and *Burke* v. *Betts,* 126 Misc. 601, 603.)

In order to accomplish such objective here, the motion by plaintiffs to strike out the defense of " prior action pending " contained in paragraph marked " Third " of defendants' answer must be granted, and the motion of the defendants for a stay of proceedings herein must be denied.

Submit order in accordance herewith.