Francis T. Murphy, Jr., J.
Motion to stay defendant from further proceeding with the prosecution of its suit against plaintiff, commenced in California, is, on the law and facts, and in the exercise of this court’s discretion, denied. Defendant is a California corporation, and this action was commenced by service of a writ of attachment in August, 1963. Defendant answered, setting forth denials and affirmative defenses, in September, 1963, after the effective date of the Civil Practice Law and Bules. The two actions concerned arise out of the same transaction, and while the facts upon which the California case is based could have been asserted as a counterclaim in this case, defendant was not obligated to do so (Rosenberg v. Slotchin, 181 App. Div. 137; Burke v. Betts, 126 Misc. 601). The defendant’s contention that this court does not have the power to issue the stay requested is not well founded. Both under the prior practice (Civ. Prac. Act, § 237; Perlak v. Goodyear Tire & Rubber Co., 140 N. Y. S. 2d 675; Burg v. Winguist, 124 N. Y. S. 2d 133) and under the new statute (CLPR 314, 320, subd. [c]) a defendant who answers, without raising a jurisdictional objec *236 tion, is deemed within the general jurisdiction of this court (see Fourth Preliminary Report of Advisory Comm. on Practice, N. Y. Legis. Doc. No. 20, 1960, p. 185; Sixth Report, N. Y. Legis. Doc. No. 8, 1962, p. 117). However, this power, though present, is rarely exercised save in “ extreme and extraordinary cases ” (Latham & Co. v. Mayflower Ind., 278 App. Div. 90, 94, and cases therein cited). No unusual circumstances, which would warrant the granting of this relief, have been herein demonstrated. Accordingly, the motion is denied.