John D. Bennett, S.
A hearing has been held on objections by the administratrix to a petition brought by the United States of America for a compulsory accounting. By decision of this court dated July 1, 1963, the petition for a compulsory accounting was granted but on consent of the United States of America, a modifying decision was made on July 24, 1963, permitting the respondent to file objections. The respondent bases her defense on the Federal 'Statute of Limitations and an unreasonable delay on the part of the Federal Government.
The decedent died intestate on February 23, 1945 and letters of administration were issued to the widow on March 23, 1945. The petitioner’s claim is for income taxes assessed for the taxable years 1943,1944 and 1945. Notices and demands to pay the respective assessments were served upon the administratrix and thereafter notices of claims were served on the administratrix in 1945 and 1948.
The administratrix disputed and rejected the claims and entered into a prolonged series of negotiations with the Federal Government, extending almost to the present time. The former attorney who represented the administratrix until June of 1962 testified to: “ fifty, if not more, visits with the Internal Revenue Service and made at least four or five offers of compromise ’ ’. Regarding correspondence with the Federal Government, this witness testified: “There must have been hundred of letters exchanged. ’ ’
On November 1,1954, the United States of America instituted a compulsory accounting proceeding and thereafter the court records show the matter was adjourned 23 times until the calendar call on January 29, 1958, when the court directed an accounting. No accounting was filed and neither party submitted an order thereon.
On March 28, 1960, a new petition to compel an accounting was filed by the United States of America, which again resulted in a series of some 25 adjournments while the administratrix sought to negotiate with the tax authorities. On the calendar call of June 5, 1963 the new attorney for the administratrix (retained in June of 1962) moved to dismiss the second compulsory accounting proceeding.
*993 The administratrix having had the advantage of almost 50 adjournments to enable her to continue negotiations the court, in its decision of July 1, 1963, consolidated the two compulsory accounting proceedings and ordered a voluntary accounting to be filed within 30 days, or a 10-day order to compel an accounting would issue. Subsequently, as stated initially herein, this decision was modified on the consent of the United States of America to permit the respondent to file objections.
For the reasons set forth in the decision of July 1, 1963, the court adheres to that decision consolidating the two proceedings.
The respondent asks dismissal of the proceedings citing the Federal Statute of Limitations and relies on the reasoning in Matter of Feinberg (40 Misc 2d 1013, reargued 43 Misc 2d 191). The first point to decide is whether the service of the notices of claim by the United States of America constituted ‘ ‘ a proceeding in court ’ ’ such as will toll the six-year Statute of Limitations (Internal Revenue Code of 1939, § 276, subd. [c] [U. S. Code, tit. 26, § 276, subd. (c)]). If such do not toll the statute, the proceedings to compel an accounting were commenced beyond the six-year period and the Statute of Limitations would constitute a bar and defense.
The court relies upon the construction of section 211 of the Surrogate’s Court Act stated in Matter of Schorer (272 N. Y. 247), where .this issue was squarely before that court and where that court (p. 251) said: ‘1 This appeal must be determined under the law as it existed at the time the claim was filed and rejected. In section 211 the Legislature has expressly said that if an action is not commenced within three months after a claim is rejected by the representative ‘ said claim shall be tried and determined upon the judicial settlement. ’ In other words, all rejected claims must be determined in Surrogate’s Court upon judicial settlement unless sued in another court within three months after rejection.” And at page 252: “ The court should not, by construction, impose a limitation not warranted by the plain wording of the statute. There is no reason why the statute should not be given a literal interpretation, which accords with the spirit of the act extending the jurisdiction of the Surrogate’s Court.”
In Matter of Guy (275 App. Div. 143, 145), the court applied the reasoning of Matter of Schorer (supra,) in its holding: ‘ ‘ When the claimant filed her claim with the executor and the executors served their notice of rejection on the claimant, a proceeding was instituted in the Surrogate’s Court and the controversy was at issue awaiting trial and determination. No further pleadings were necessary to frame the issues.” And *994 citing Surrogate Foley in Matter of McGowan (174 Misc. 928, 929) wherein he wrote: “ The service of such proof of claim tolled the running of the statute and was the equivalent of the commencement of a special proceeding or action ”.
The Temporary State Commission on the Modernization, Revision and Simplification of the Law of Estates in its Second Report to the Governor and the Legislature (N. Y. Legis. Doc., 1963, No. 19) reviewed the law of claims against estates, and at page 416 found that “ the courts have interpreted its terms [Surrogate’s Ct. Act, § 211] to mean that a special proceeding is started with the filing of the claim and that the matter is then at issue ” citing Matter of Guy (supra) and Matter of Schorer (supra).
This long-established judicial interpretation of section 211 of the Surrogate’s Court Act as laid down in Matter of Schorer (supra) was followed in Matter of Becker (174 Misc. 25); Matter of Purdy (73 N. Y. S. 2d 38); Keane v. Mixter (202 Misc. 1025) and Matter of Goldfarb (17 Misc 2d 976).
That the filing of a claim starts a special proceeding in the Surrogate’s Court was recently acknowledged in Matter of Garfield (14 N Y 2d 251) where the petitioner filed a claim with the executrix who subsequently filed an affidavit with the court, and which the Surrogate deemed her answer. The issue before the Court of Appeals was whether the respondent-appellant had, as a matter of law, a constitutional right of trial by jury. While that issue is not pertinent to the issue herein involved, the Court of Appeals, on the sole basis of the claim filed, stated that (p. 256): “Petitioners’ claim is an action at law for work, labor and services ”.
It is therefore apparent that the argument of the respondent that the Statute of Limitations bars the United States of America, because the first compulsory accounting proceeding was not commenced until after six years had run, is of no avail. The proceeding pursuant to section 211 of the Surrogate’s Court Act was commenced within six years by the service of the proofs of claim.
The service of a claim pursuant to section 211 of the Surrogate’s Court Act is deemed the institution of a special proceeding in the Surrogate’s Court for collection of such claim and the equivalent of a proceeding for the purpose of tolling the statute. The filing of a claim is not the type of ‘ ‘ suit ’ ’ covered by section 3740 of the Internal Revenue Code of 1939 (U. S. Code, tit. 26, § 3740) which reads: “No suit for the recovery of taxes * * * shall be commenced unless the Commissioner author *995 izes or sanctions the proceedings and the Attorney General directs that the suit be commenced.” (Italics supplied.)
The el aims filed by the Collector of Internal Revenue for the Second District of New York state thereon: “ That he is duly authorized agent for the United States in this behalf ”. Section 3651 (subd. [a], par. [1]) of the Internal Revenue Code of 1939, reads: “ It shall be the duty of the collectors or their deputies, in their respective districts, and they are authorized, to collect all the taxes imposed by law, however the same may be designated.” The filing of a claim with an executor or administrator clearly comes within the purview of this statute. Furthermore, the presumption is that a public officer has done his duty and where it is claimed that the duty has been violated, the burden of proof is on the party alleging such fact to prove it (4 Bender’s New York Law and Proof, § 240.02). There is no evidence before the court to the effect that the District Director exceeded his authority.
The respondent would deny jurisdiction of this court over the United States even though, as in this ease, the United States has submitted itself to and invoked this court’s jurisdiction. The filing of a claim by the United States is the same as a filing by a New York State resident. There is no authority to deny access to the Surrogate’s Court to the United States and to do so would evade the obligation of the State court to enforce a right granted by Federal statute. The Court of Appeals in Matter of Gellatly (283 N. Y. 125), confirmed the right of the United States to bring proceedings in the Surrogate’s Court for the settlement of the account of the estate’s representative in order to obtain payment of a claim for unpaid taxes.
Under date of August 1, 1951, the respondent forwarded to the Internal Revenue Service an offer of compromise with a check for $500. This sum was not accepted in full settlement and discussion continued in an effort to settle the claims. From the testimony these discussions were periodic and four or five formal offers of compromise were made. Under date of January 10, 1955, the respondent wrote the United States Attorney’s office referring to the $500 check held by the Government saying: “ We are desirous of resubmitting an offer of compromise and will use as part of the offer the amount of the check which they are now holding in the sum of $500 towards such compromise. ’ ’ On June 15, 1961 the Government returned the $500 to the respondent.
The respondent contends that the Government, by holding this $500 for approximately 10 years, accepted it in full settlement *996 of its claims. The evidence, however, is to the contrary. The initial offer not having been accepted, the respondent acquiesced in the retention and tried to build a compromise using the deposit as a foundation. Not being successful, the respondent requested its return in 1961 and the deposit was returned.
For the reasons given, the objections of the respondent are dismissed. The order to be submitted herein will read to the effect that a voluntary accounting will be filed herein within 30 days following service on the attorney for the respondent of a copy of the order, or a 10-day compulsory order to account will issue.