Alex Haselkorn MD, P.C. v State Farm Ins. Co. (2025 NY Slip Op 51475(U))

[*1]

Alex Haselkorn MD, P.C. v State Farm Ins. Co.

2025 NY Slip Op 51475(U)

Decided on September 17, 2025

Civil Court Of The City Of New York, Kings County

Waterman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 17, 2025
Civil Court of the City of New York, Kings County

Alex Haselkorn MD, P.C. AAO Smaine Lourdes, Plaintiff(s),

against
State Farm Insurance Company, Defendant(s).

Index No. CV-735202-20/KI

Lola Waterman, J.

Recitation, as required by CPLR §2219(a) of the papers considered in review of this Motion:
Papers
Notice of Motion and Affidavits Annexed 1
Cross-Motion and Affidavits Annexed
Affirmation in Opposition 2
Affirmation in Reply 3
Upon the foregoing cited papers, pursuant to CPLR §3212(g), and after oral arguments, the Decision and Order on Defendant's Motion for Summary Judgment is as follows:
Defendant's motion for summary judgment is GRANTED and Plaintiff's claims are dismissed with prejudice.
Defendant established that a portion of the claims are barred by the doctrine of res judicata, as said claims are subject to the Kings County Supreme Court action captioned under State Farm Mutual Automobile Insurance Company, et. al. v. Alex Haselkorn. M.D.. P.C., Index No. 504167/2019 ("Declaratory Judgment Action"). Specifically, on June 14, 2019, Hon. Richard J. Montelione found that Plaintiff is not entitled to receive any payment for the bills subject to the Declaratory Judgment Action. Accordingly, those claims are dismissed with prejudice.
With respect to the remaining claims, Plaintiff objects to Defendant's claim specialist's affidavit as inadmissible for improper notarization, relying on Colin Clarke, M.D., P.C. v. Scottsdale Ins. Co., 45 Misc 3d 131(A), 3 NYS 3d 284 (NY App Term 2nd 2014). Specifically, Plaintiff argues that the claim specialist's affidavit does not contain an affirmation by the notary stating that the affiant appeared before the notary or that the notary made any effort to satisfactorily establish the affiant's identity.
The Court does not find this objection persuasive. In Collins v. AA Trucking Renting Corp., 209 AD2d 363 (1st Dept., 1994), the Appellate Division held that affidavits bearing a [*2]notary's jurat and stamp were sufficient under CPLR 2309(b) to constitute valid oaths, even if the statements did not expressly recite that the affiant appeared before the notary. The Court in Collins emphasized a flexible, substance-over-form approach. The Court held:
"While defendant does not say in either statement that he had been sworn, he does say that he has read the statements, and they are 'true, factual and voluntarily given'. In addition, both statements contain the jurat and stamp of a notary public, who, in the absence of a showing to the contrary, is presumed to have acted within his or her jurisdiction and carried out his or her duties as required by law"
(Id., citing, Matter of Cubisino v Cohen, 47 NYS2d 952, 954 [1944], affd 267 App Div 591; see also, Matter of Weinbaum, 43 Misc 2d 991, 995, app dismissed 24 AD2d 632, lv dismissed 16 NY2d 1078). Collins further states, "There is no specific form of oath required in this State, other than that it be 'calculated to awaken the conscience and impress the mind of the person taking it in accordance with his [sic] religious or ethical beliefs'" (Id., citing, CPLR 2309 [b]; see also General Construction Law § 36).
Applying the reasoning in Collins here, Defendant's affidavit, sworn to and bearing a proper jurat and notarial seal, is presumed valid and admissible. On the record presented here, the form of the affidavit was adequate. See, Furtow v. Jenstro Enters., Inc., 75 AD3d 494 (2nd Dept., 2010). Plaintiff has not provided any evidence rebutting that presumption or demonstrating that the notarial act was improperly performed. Accordingly, Plaintiff's objection under Colin Clarke [FN1]
is rejected.[FN2]
The policy underlying Collins—that notarial acts are entitled to a presumption of regularity absent contrary evidence—best promotes the fair and efficient administration of justice.
Therefore, regarding Defendant's substantive arguments pertaining to the remaining bills, Defendant established timely mailing of its verification requests and denials and further established that Plaintiff failed to respond to said requests in any way. As such, Defendant demonstrated that verification remained outstanding at the time of its denial. Therefore, the remaining bills are dismissed with prejudice.
Assuming arguendo, the affidavits are inadmissible for defect in the form of the notarial jurat, the Court finds Plaintiff waived its time to object pursuant to CPLR 2101 (f). Defects in form shall be objected to within 15 days of receipt by returning the offending documents with statements of specific objections attendant thereto, which Plaintiff failed to do. Importantly, the court maintains discretion to excuse defects in the form of documents. "A defect in the form of a paper, if a substantial right of a party is not prejudiced, shall be disregarded by the court, and [*3]leave to correct shall be freely given" (CPLR 2101 [f]). As such, based on Plaintiff's failure to timely object, the Court finds that Plaintiff waived its objection and thereby excuses any perceived defect with respect to the admissibility of the notary stamps.
Based on the foregoing, Defendant's motion for summary judgment is granted in its entirety.
Plaintiff's complaint is dismissed with prejudice.
This constitutes the Decision and Order of the Court.
Date: September 17, 2025
Brooklyn, New York
Hon. Lola Waterman

Footnotes

Footnote 1:In Colin Clarke, a case upon which Plaintiff heavily relies, the court strictly enforced CPLR 2309(c), finding an out-of-state affidavit defective because it lacked both a certificate of conformity and a jurat confirming the affiant's personal appearance or identification, thereby rendering the affidavit inadmissible on summary judgment.

Footnote 2:Notably, Clarke has not been found to be considered in subsequent appellate matters relevant to proper notarization, thus it is opined, Clarke is an outlier. Whereas, Collins has been cited as precedent to uphold the propriety of the jurat and notary stamp with the sworn to before me language without reciting that the affiant appeared before the notary or that the notary made any effort to satisfactorily establish the affiant's identity.